JOHN CARROLL, Appellant, *v.* CITY OF ST. LOUIS, Respondent.

### June 12, 1877.

1. Where a city charter provides that the city shall not be liable for work done which is to be paid for by special tax-bill, the fact that the property on which the work was done, and which was described in the tax-bill as a street, has never been condemned or dedicated to public use, which fact renders the tax-bill void, does not give the holder of the tax-bill a right of action against the city for the value of the work, or for damages for not having condemned the property before issuing the bill, though the work be done according to the contract with the city.

2. The doctrine that a city is liable for injuries caused by the negligent manner in which public work is performed by its servants does not apply to cases of defective legislation.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

W. A. GARESCHÉ, for appellant: Where the city neglects its duty, or where the whole proceeding by which the tax-bill is issued is void, the city is liable, though the contractor agreed to look to the tax-bill for payment. *Soulard* v. *City of St. Louis*, 36 Mo. 546; *Kearney* v. *City of Covington*, 1 Metc. 339; *Smith* v. *City of Milwaukee*, 18 Wis. 63; *Finney* v. *City of Oshkosh*, 18 Wis. 30; *City of Chicago* v. *The People*, 48 Ill. 416; *Rupert* v. *City of Baltimore*, 23 Md. 184; *City of Louisville* v. *Henderson*, 5 Bush, 515.

E. T. FARISH, for respondent, cited: *Saxton* v. *City of St. Joseph*, 60 Mo. 156; Dill., sec. 754.

Bakewell, J., delivered the opinion of the court.

The petition in this case alleges that defendant, prior to June 15, 1874, acting by virtue of an ordinance of defendant, number 8475, employed plaintiff to do certain work upon property of one Plant, in the city of St. Louis, the work being curbing, guttering, and macadamizing; and then agreed with plaintiff, and promised him, to issue to plaintiff a special tax-bill, to become a lien upon the property of Plant described; that plaintiff in good faith executed the work, in a good and workmanlike manner; and that defendant issued to plaintiff a special tax-bill which was not a lien upon said property, but which was void for the reason that the property on which the work was done had never been opened or dedicated for street purposes. Plaintiff asks judgment for the amount of the bill and interest.

Defendant demurred to the petition, on the ground that it did not set forth facts sufficient to constitute a cause of action. The demurrer was sustained; and plaintiff refusing further to plead, there was final judgment on the demurrer, from which plaintiff appeals.

It is provided by section 15, article 8, of the City Charter in existence at the time this work was done (Act of March 4, 1870), that all special tax-bills for work of the description set forth in the petition shall be a lien upon the property charged therewith, to be collected of the owner of the land, and that "the city shall not be liable, in any manner whatever, for or on account of any work done which is to be paid for in the manner provided for in this section;" and section 14 provides that the party receiving such a tax-bill from the comptroller shall give a receipt in full for all claims against the city on account of the work.

We are clearly of opinion that whoever contracts for this kind of work, or deals in tax-bills, under a charter having the provision just recited, is held to see to it that the street on which he does the work is a public street of the city before he expends his time and money on the improvement. It

will not do to attempt to hold the city liable, in the face of a provision which notified the contractor that the city was to be liable for the work in no manner whatever. He made the contract under the existing law, and took the risk. We cannot construe the law away because the money cannot be made out of the property, even though that fact arises from the negligence or carelessness of the city officials. The contractor took the risk.

Appellant calls our attention to cases in Kentucky, Wisconsin, Illinois, and Maryland, cited by Judge Dillon (Mun. Corp., sec. 401, note 1), in support of the proposition which that learned author asserts, that "when the contractor has agreed to look for payment to the lot benefited, or to the owner, he cannot hold the city; unless, it may be, in cases where the whole proceeding is void, or the city neglects its duty." The cases cited support the statement of Judge Dillon, but do not help the appellant. They do not maintain that where the provision of law and the agreement of plaintiff are that the city shall in no manner be liable, it may nevertheless be made liable in some manner, on the happening or non-happening of some event. But in *Fletcher* v. *City of Oshkosh*, 18 Wis. 228, it is held that where, through an informality in the tax-bill and the neglect of the city treasurer, a street commissioner's certificate for work was not collected, the city is not liable to the holder of the certificate, where its charter contains a provision that where work is ordered to be done at the expense of any lot the city shall in no event be held responsible.

It is argued, however, that though the city be not liable for this work done, it is liable to plaintiff for the actual damage sustained by him in consequence of the neglect of the city to open the street on which the work was done, and the carelessness of its officers in contracting for work and issuing tax-bills upon private property. As the actual damage sustained by plaintiff is the value of the work and the amount of the void tax-bill, and as that is precisely

what he sues for here, if this action could be maintained, the city would be made in a manner liable for the work done; and it cannot be made indirectly liable in this way, unless it can be made directly liable, which, we have seen, is not the case.

If, as appellant seems to contend, the damage accrued to plaintiff on account of the neglect of the city to pass an ordinance opening the street on which this work was done, and in not taking proper steps for its condemnation, the alleged duty is one for the omission to perform which no action will lie. The doctrine that a city is liable for injuries caused by the negligent manner in which public work is performed by its servants is held not to apply to cases of defective legislation. *Saxton* v. *City of St. Joseph*, 60 Mo. 153; *Foster* v. *City of St. Louis*, 4 Mo. App.; *Steinmeyer* v. *City of St. Louis*, 3 Mo. App. 256.

The person dealing in special tax-bills, or taking contracts for city work, is conclusively presumed to know the law. If he chooses to do work on private property, under a contract with the city to improve a street, without assuring himself that there is a street there, because he has such confidence in the city officials that he thinks it a needless precaution to ascertain whether in fact the property has ever been condemned or the street opened, he takes a risk which he may take if he chooses; but he has been told, in language as plain as words can make it, that if, for any reason whatever, he cannot hold the adjoining property liable for the work done, he has no recourse upon the city.

The judgment of the Circuit Court is affirmed. All the judges concur.