CITY OF ST. LOUIS, Respondent, *v.* HERMAN SCHNUCKEL-
BERG, Appellant.

### October 28, 1879.

Where an alleged nuisance is not so at common law, nor made so by statute or
    ordinance, but has been declared to be a nuisance by the Board of Health
    of the City of St. Louis, and ordered to be abated, under power to declare
    and abate nuisances granted by the city charter, the person violating the

order of the board to abate may show that the thing declared to be a nuisance is not so in fact, the action of the Board of Health in such cases not being conclusive.

Appeal from St. Louis Court of Criminal Correction.

*Reversed and remanded.*

Louis A. Steber and John McGaffey, for appellant: Boards of health and city councils have power to condemn and order the removal of nuisances *per se*, or statutory nuisances, and in such cases their adjudication would simply follow the declaration of the common law or the statute. — *Bates* v. *Columbia*, 1 McArthur, 433; *Everett* v. *City*, 46 Iowa, 67; *Schuster* v. *Board, etc.*, 49 Barb. 452; *City* v. *Stern*, 3 Mo. App. 484. But until the fact of a nuisance is established by proof, it would be wrong to restrain a lawful calling, even if it does or might offend the senses of some. — *Ruff* v. *Phillips*, 50 Ga. 133; Wood on Nuis. 13, sects. 6, 7. The declaration by the Board of Health that the thing complained of is a nuisance, is not conclusive and may be rebutted. — *Welch* v. *Stowell*, 2 Dougl. (Mich.) 339; *Yates* v. *Milwaukee*, 10 Wall. 497; *Hutton* v. *City*, 39 N. J. L. 130; *Darst* v. *The People*, 51 Ill. 286; *Clark* v. *Mayor*, 13 Barb. 39; *Coe* v. *Schultz*, 47 Barb. 69; *Underwood* v. *Green*, 42 N. Y. 142; 1 Dill. on Mun. Corp., sect. 309; Wood on Nui·., sect. 738.

Leverett Bell, Samuel Erskine, and Daniel O'C. Tracy, for respondent: It is the function of the Board of Health to determine whether a given business is carried on in such a manner as to be detrimental to the public health, and trial by jury in such cases is not essential. — *St. Louis* v. *Stern*, 3 Mo. App. 48.

Hayden, J., delivered the opinion of the court.

The appellant was tried and convicted in the Police Court, and in the court below on appeal, for refusing to comply with an order of the health commissioner of the city of St. Louis, which order commanded him, within fifteen days

from its service upon him, to remove and discontinue the business of a dairy which he had carried on in the city. He had previously been notified to appear before the Board of Health, under the provisions of the ordinance given below; but failing to show cause, his dairy had been condemned as a nuisance by the board, upon which the above order issued.

By art. 12 of the present city charter, a health department is established for the city of St. Louis, the office of health commissioner and a board of health are established, and among other things it is provided that the health commissioner "shall have general supervision over the public health of said city, and see that its regulations, and the laws and ordinances of said city in relation thereto, are enforced and observed; * * * to declare and abate nuisances in such a manner as may be provided herein, or by ordinance; but all condemnations must first be approved by the Board of Health, whose action thereon shall be final." * * *

"Sect. 6. In order to effect the abatement of nuisances or removal of accumulated filth, the health commissioner shall have power, whenever, in his opinion, such nuisance or filth exist, and after officially so declared of record by the Board of Health, to notify the owner or owners thereof, or his or their agents, to abate or remove the same, either by filling up, draining, cleaning, purifying, or removing same, as the case may be." This section then provides for service of notice, and that if after said service on him the owner shall fail to show good cause to the health commissioner, he shall be deemed guilty of a misdemeanor and fined, and the nuisance shall be abated, and special tax-bills rendered against his property for the cost of such abatement.

By sect. 26 of art. 3 of the charter, the mayor and Assembly have power by ordinance "to prohibit the erection of * * * cow-stables and dairies * * * within prescribed limits, and to remove and regulate the same; and to regulate or prevent the carrying on of any business

which may be dangerous or detrimental to the public health; * * * and to declare, prevent, and abate nuisances on public or private property, and the causes thereof.''

No ordinance as to cow-stables or dairies was given in evidence. By city ordinance numbered 10358, entitled ''An ordinance providing for the abatement of nuisances,'' etc., it is provided that it shall be the duty of the Board of Health, whenever the health commissioner officially notifies the board that any business, trade, or profession carried on by any person in the city is detrimental to public health, to notify such person to show cause before the board, at a time and place to be specified in the notice, why the same shall not be abated, discontinued, etc., which notice is to be served at least five days before the time specified therein for the hearing. At the time fixed in the notice, the party may appear in person or by attorney, or cause may be shown by affidavit; and if, in the opinion of the Board of Health and health commissioner, no good and sufficient cause is shown why the nuisance, business, trade, etc., shall not be abated, etc., the health commissioner shall order the party to abate, discontinue, etc., the same within such time as the health commissioner may deem reasonable and necessary; but if the board, at the hearing, shall find the facts in favor of the party, and so decide, the case shall be dismissed.

Sect. 6 of said ordinance provides that any person failing or refusing to obey the order of the health commissioner shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than twenty nor more than five hundred dollars.

It is contended on the part of the city that under the provisions quoted from the 'charter the question of the existence of the nuisance was conclusively determined by the action of the Board of Health, while the appellant contends that it was error for the trial court to exclude the evidence

offered by him to prove that the dairy was not in fact a nuisance. The question thus presented (though not under the provisions of the present charter) was expressly left open in the case of *City of St. Louis* v. *Stern*, 3 Mo. App. 48. It is there said that where the subject is a *prima facie* nuisance, or a nuisance *per se*, an adjudication by municipal agents to whom the Legislature has delegated a general power to provide for the public health by the removal of nuisances is conclusive; but that it was unnecessary to decide how far such an adjudication would be binding where the subject is not embraced in those classifications.

Stress is now laid upon the words " whose action thereon shall be final," in the section of the charter first quoted; but those words must be construed in connection with the power given, which is " to declare and abate nuisances," and in reference to the constitutional limits within which the Legislature must act. Where the law, either common or statutory, establishes by general rule that a thing is a nuisance, the above clause has its proper application, and the decision of the board is final; but the power " to declare and abate nuisances " does not confer the power to declare and abate as a nuisance what is not such. Any dwelling-house may be so kept as to be a nuisance; but in case of a dwelling-house, the fact of nuisance is not to be ultimately settled by the say-so of the board. No such power of confiscation, without any judicial ascertainment of the fact, is given by the charter; nor was it intended that what in case of one man might be pronounced a nuisance, insuring a destruction of business or property, should in case of another be pronounced none. Yet such would be the result were the citizen deprived, in those cases where the thing is not in law a nuisance, of all power of contesting the *dictum* of the municipal authorities. The claim on the part of the city supposes an unlimited power of declaring, not by general rule even, but as to the property of any person, a nuisance where no nuisance in fact exists.

It cannot be argued that the Legislature may give the power claimed, by analogy to that power which the common law under certain circumstances gives to the individual of abating a nuisance. The common law does not make the individual the judge of the fact of nuisance, but subjects him to the test of the law, which is supposed to operate with uniformity. It is only on the basis of the existence of the nuisance that the person abating is not a trespasser; and even then he can interfere only when hindered in his own right, and is responsible for all excessive action.

It seems clearly to be the conclusion from the authorities, that though a municipal corporation may possess powers similar to those given by the present charter, this does not carry with it the authority, where there are no general laws of the State or city within which laws the business, or other subject, can be shown to be a nuisance, to finally decide the question of fact as to the existence of a nuisance in the given case. *Everett* v. *Council Bluffs, etc.*, 46 Iowa, 66; *Yates* v. *Milwaukee*, 10 Wall. 497; *Wreford* v. *The People*, 14 Mich. 41; *Clark* v. *Mayor, etc.*, 13 Barb. 32; *Coe* v. *Schultz*, 47 Barb. 64; *Underwood* v. *Green*, 42 N. Y. 140; Dill. on Mun. Corp., sect. 738; Wood on Nuis., sect. 308.

The action of the Board of Health and of the health commissioner is not here in question. Their legal right to proceed in a summary manner in all proper cases is clear. The question here is merely whether, when the thing condemned as a nuisance is not such by any law or ordinance, the decision of the board, when brought before a court, prevents all inquiry into the fact of nuisance. In such cases, we hold that their decision is not conclusive, and that the appellant should have been allowed to introduce evidence as to the fact of nuisance. For this error upon the trial, the judgment is reversed and the case remanded.

All the judges concur.