THE TOWN OF KIRKWOOD, Respondent, v. JOHN G. CAIRNS *et al.*, Appellants.

St. Louis Court of Appeals, February 10, 1891.

1. **Practice, Trial:** BILL OF EXCEPTIONS. Before signing a bill of exceptions presented by the defendants, the trial judge inserted in it a proviso that it should be subject to revision by the plaintiff, and that any additional evidence, desired by the plaintiff and not objected to by the defendants, should be inserted therein ; and it was filed with that proviso. *Held* that this proviso did not nullify the bill.

2. **Municipal Corporations:** NUISANCES : EVIDENCE. The board of health of the town of Kirkwood, acting within the scope of its powers, duly adjudged a drain and sewer pipe, which discharged sewage from the premises of the defendant into a public street of that town, to be a nuisance, and thereon, pursuant to the ordinances of the town, a proceeding was instituted before the recorder

of the town against the defendant for a failure to abate the nuisance within a specified time. *Held* that, in such a proceeding before the recorder, the adjudication of the board of health was *prima facie* evidence of the existence of the nuisance.

3. —————:—————. The fact, that the municipality has not established a public sewer, does not constitute a defense to a proceeding, charging the defendant with the maintenance of such a nuisance, at least not until it appears that the proprietor of the premises neither has, nor can devise, any other reasona ble means of disposing of his sewage than the one c omplained of.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Smith & Harrison*, for appellants.

The court erred in giving plaintiff's instruction, numbered 2. *The City of St. Louis v. Stern*, 3 Mo. App. 48 ; *The City of St. Louis v. Schnuckelberg*, 7 Mo. App. 536 ; Wood's Law of Nuisances [ 2 Ed.] secs. 744, 564, 571 ; *Yates v. Milwaukee*, 10 Wall. 497.

*Wm. S. Bodley*, for respondent.

The transcript contains no legal bill of exceptions, and the only errors that can be taken advantage of, if any, are those appearing on the record proper. As there are no errors claimed by appellants on record proper, the judgment of the circuit court should be affirmed. But conceding, for argument's sake, that there is a proper bill of exceptions we say : *First*. That the instructions given and complained of by appellants are more than justified by the decision of this court in the following cases : *The City of St. Louis v. Stern*, 3 Mo. App. 48 ; *City of St. Louis v. Schnuckelberg*, 7 Mo. App 536 ; *City of Kansas v. McAleer*, 31 Mo. App. 433. *Second*. That municipal corporations are not liable to one suffering injury in consequence of the non-exercise or defective exercise of its public or legislative powers. *Keating*

*v. Kansas City*, 84 Mo. 415. Nor for not providing suffi-
cient sewerage for draining plaintiff's premises. *Mills
v. City of Brooklyn*, 32 N. Y. 489.

THOMPSON, J.—The first question which we have to
determine is, whether there is in this record a bill of
exceptions such as we can consider. At the close of
what purports to be the bill of exceptions there is the
usual recital that "they, therefore, pray the court to
allow and sign this bill of exceptions, and that the same
may be signed and sealed and made a part of the record,
which is done this eighth day of March, 1890." Then
follow, above the signature of the judge, these words :
"Signed with the understanding and consent on the
part of the defendant, that it is subject to revision of
Mr. Bodley ( counsel for the respondent ), and the inser-
tion of such evidence as was introduced, and may be
furnished to the clerk, and will insert such changes
and testimony as may be suggested by Mr. Bodley, and
not objected to. This being the last day for filing and
indorsement of bills, it is the only condition upon which
I can sign." Then follows the signature of the judge.
Below and apparently on the bill of exceptions there is
an indorsement as follows : "If attorney for plain-
tiff desires to embody anything in foregoing evi-
dence of witnesses from shorthand reporter's notes,
before transcript is made out, he is at liberty to do so ;"
and this is signed by the counsel for the appellants. It
appears from the record proper, that time had been
allowed, after the lapse of the term in which to prepare
the bill of exceptions ; and it is a fair inference from
the above recital, that the bill of exceptions had been
submitted to the judge by counsel for the appellants on
the last day on which, under the order of the court, it
could be signed, and before it had been examined by
the counsel of the respondent ; and that the judge had,
out of deference to the rights of the respondent, signed
it with the qualification, that the respondent should

have the right to insert the evidence which was introduced at the trial, which should be furnished by the clerk, making such changes therein as their counsel might suggest, provided such changes were not objected to by the counsel for the appellants. It is difficult to see how this affords ground, upon which the respondent can object that this is not a good bill of exceptions. The judge signed a bill of exceptions; and, if in signing it he gave to the respondent the license to insert in it such evidence as was introduced at the trial, or otherwise to revise it, it is not perceived how the respondent can complain of the addition of this license,—especially as there is no suggestion, that the respondent did so revise it or insert in it any such evidence. The judge had the power—considered as mere power—to sign it without submitting it to the examination of the counsel of the respondent at all; and if, in signing it, he provided for the subsequent submission of it to their revision, it is difficult to see how they can complain of this, whether they took advantage of the license and revised it, or not. If they did not take advantage of the license then it comes to us in the form in which the judge signed it; if they did take advantage of the license, then how can they stand here complaining of their own revision? For the purpose of the question, upon which the case must turn, it was wholly unnecessary to embody the evidence in the bill of exceptions. All that cost might have been avoided. It is not questioned that there was evidence tending to support the complaint of the plaintiff, and to take the case to the jury; and, if the bill of exceptions had merely recited that fact, it would have been sufficient. The practice of signing a bill of exceptions, subject to the revision of the counsel for the respondent is not, however, to be encouraged; and if we could see that any prejudice or mistake might have resulted from it in this case, we should hold that there was no bill of exceptions. As it is, we hold otherwise.

On the merits, the case is an appeal to the circuit court of St. Louis county from a judgment of the recorder of the incorporated town of Kirkwood under a by-law of that town. A trial before a jury in the circuit court resulted in a verdict and judgment for the plaintiff in the sum of $5, from which the defendant prosecutes this appeal.

The complaint, under which the defendants were brought before the recorder of the town of Kirkwood, was in the following language : "Charles D. Bennett, town marshal of said town, being duly sworn, says that John G. Cairns and Anna S. Cairns did violate an ordinance of the town of Kirkwood, being ordinance number 93, chapter 8, section 3, and chapter 10, section 6, in this, to-wit : In the town of Kirkwood at the county aforesaid, on the twentieth day of April, 1889, the said John G. Cairns and Anna S. Cairns did then and there violate ordinance in not removing within forty-eight hours a nuisance, in this, to-wit, a drain and sewer pipe, which was found, under the proceedings provided in said ordinance, to be in a filthy condition and detrimental to the public health, which drain and sewer pipe ·empties into the public street known as Adams avenue, and did then and there violate chapter 10, section 6, in letting out slops and decayed matter into the said public street known as Adams avenue, contrary to the peace and dignity of the town and the ordinance in such case made and provided."

It was shown at the trial that the town of Kirkwood had power under its ordinances, "to remove and prevent nuisances," and also "to erect and maintain hospitals, and to prevent the introduction of contagious and infectious diseases, and to secure the general health of the town." An ordinance of the town of Kirkwood was also put in evidence, creating a board of health, to be composed of a committee of a board of trustees, and empowering such board of health to take all steps and use all measures necessary to promote the cleanliness and general

health of the town ; to abate all nuisances of every description on public and private property, according to law ; to prevent the introduction into the town of malignant, contagious and infectious diseases ; and to adopt such regulations and restrictions in relation thereto as the circumstances of the case may require."

Another section of the same ordinance, also put in evidence at the trial, provided as follows :  " Whenever the board of health shall receive information that the condition of any house, cellar, yard, privy, sewer or drain, or any other place, is in a filthy condition and a nuisance or detrimental to the public health, it shall be their duty to summon the owner or occupant of the property, upon which said nuisance is said to exist, before the recorder of the town, to ascertain judicially if such is the case ; and if, upon investigation, the charge is sustained, it shall be the duty of the property-owner, or party causing said nuisance, to have the same removed within forty-eight (48) hours, and in case of failure so to do he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than five ($5) nor more than twenty-five ($25) dollars."

It was admitted at the trial that, prior to the filing of the complaint, which is the foundation of this action, the preliminary steps required by this ordinance had been taken.  The scope of this admission was, that the board of health had summoned the defendants before the recorder of the town to answer the charge of maintaining a nuisance on their premises ; that the recorder had, in that proceeding, ascertained judicially that the thing complained of by the board of health was a nuisance ; and that he had thereupon ordered the defendants to remove the same within forty-eight hours. It is perceived that the judgment, from which this appeal from the recorder to the circuit court was taken, was a judgment in a *subsequent proceeding*, which was instituted before the recorder, under the ordinance, for

the misdemeanor of failing to abate the nuisance within forty-eight hours, as required by the prior order.

This brings us to the serious ground of complaint, which is that the judge, at the request of the plaintiff, gave to the jury the following instructions : "2. The court instructs the jury that, under the ordinances and the evidence produced, the finding of the recorder as to the existence of the nuisance as to chapter 8, section 3, on the sixteenth day of April, 1889, is *prima facie* presumed, and, unless the jury believe that the evidence offered by the defendant is sufficient to overcome such presumption, they must find for the town in the present proceeding, and assess the damages in such sum, in the discretion of the jury, of from $5 to $25."

In support of this instruction, counsel for the town of Kirkwood appeals to two decisions of this court : *St. Louis v. Stern*, 3 Mo. App. 48, and *St. Louis v. Schnuckelberg*, 7 Mo. App. 536. Counsel for the appellant rely upon these two cases in opposition to the instruction with equal confidence. In *St. Louis v. Stern*, this court held that, where a nuisance in a city is a nuisance *per se*, that is a nuisance at common law—in that particular case a hog pen in the city of St. Louis—the action of the board of health of the city, within the scope of its granted powers, in condemning it as a nuisance, is *conclusive* upon the judicial court. The decision left open the question, whether such would be the case, or what would be the rule, where the thing complained of is not a nuisance at common law, or not a nuisance *per se*, but where it may become such according to particular circumstances, or according to the manner in which it is taken care of. In *St. Louis v. Schnuckelberg* this court held that, in respect of a nuisance of the latter class, that is in respect of an employment in a city—in the particular case a dairy in the city of St. Louis—which may or may not be a nuisance according to its surroundings and the manner in which it is conducted—the action of the board

of health in condemning it as a nuisance is *not conclu-sive* upon the author of it, but that he is entitled, in a proceeding in the judicial courts against him by the city, to *introduce evidence* for the purpose of showing that it is not a nuisance. The precise point adjudged was that, on an appeal to the circuit court from a decision of the police court of the city of St. Louis, the circuit court committed error in refusing to allow defendant to intro-duce evidence to show that, notwithstanding the action of the board of health of the city in condemning his dairy as a nuisance, it was not in fact such. In a sub-sequent unreported decision of this court in *St. Louis v. Steele*, No. 2429 (abstracted, 12 Mo. App. 570), this court reaffirmed the doctrine of *St. Louis v. Stern, supra*, and applied it to a carpet-beating establishment, which, under the undisputed evidence, appeared to be a nuisance, as defined in certain ordinances of the city, and hence, *prima facie*, a nuisance within the doctrine of that case. We are, therefore, of the opinion that this instruction was a correct exposition of the law.

Our attention has been called to the inartificial lan-guage of the instruction. It tells the jury that the finding of the recorder as to the existence of the nui-sance is *prima facie* presumed, instead of telling them that, from the finding of the recorder, the nuisance is *prima facie* presumed. We nevertheless think that the jury would understand it in the sense in which it has been discussed, and in which it was evidently intended,—that, from the finding of the recorder, they are *prima facie* to infer that a nuisance existed on the day named.

IV. The objection, that the defendants could not be deemed guilty of maintaining a nuisance in allowing slops from their house to escape into the public street, until the town should establish a public sewer with which their house-drain could be connected, is, in our judgment, untenable. The failure of the city is a mere

non-exercise of a discretionary or legislative power. A person, damaged by the failure of a municipal corporation to exercise such a power, has no right of action against it. *McCormack v. Patchin*, 53 Mo. 33; *Saxton v. St. Joseph*, 60 Mo. 153; *Carroll v. St. Louis*, 4 Mo. App. 191; *Foster v. St. Louis*, 4 Mo. App. 564; *Steinmeyer v. St. Louis*, 3 Mo. App. 256. On analogous grounds, it is clear that the non-exercise of such a power does not make the town a participant in the nuisance, created by discharging a house-drain into a public street, at least not until it is shown that the owner of the house neither has, nor can devise, any other reasonable or practicable means of disposing of his sewage.

The objection made in the appellants' supplemental brief, that the town assisted in causing the nuisance by *failing to keep clean the gutters*, may appeal to a different proposition of law. It may possibly address itself to the rule of law in respect to the non-performance of a *ministerial duty*, and not of a legislative discretion, by the town. Without conceding that the town is under any obligation to keep clean the gutters of its streets, for the purpose of carrying off sewage that may be wrongfully conducted into them, we have to say concerning this argument that it addresses itself to a *question of fact*, which, in the absence of any instructions on the subject, given or refused, we must regard as either not arising on the evidence, or else as properly disposed of by the jury in the court below.

In so far as the instructions on the question of the burden and *quantum* of proof are contradictory, the errors, if any, were in favor of the defendants.

The judgment is affirmed. Judge ROMBAUER concurs. Judge BIGGS takes no part in this decision.