STEFFEN v. FOX et al., Appellants.

Division One, November 12, 1894.

1. **Municipal Corporations:** STREET IMPROVEMENTS: ORDINANCE: CONTRACT. A strict compliance with ordinances, and contracts thereunder, prescribing the manner in which public street improvements shall be made, has never been required as a condition to the acceptance of the work by the city, or to the validity of the tax bill for the cost thereof, charged against the property of individuals.

2. ———: ———: ———. Where the ordinance under which public street improvements are made is general in its application, it would be unreasonable to require literal compliance therewith under every exceptional circumstance, as instances might arise where such a rule would work great hardship and injustice upon a contractor or property owner, or both.

3. ——: ——: ——. The construction of a sidewalk at the intersection of two streets with a grade which does not comply with the ordinance does not render invalid a special tax bill issued to pay for the same, where the failure to observe the requirements of the ordinance was due to difference in grade of the streets, and the walk as constructed was not less valuable to the abutting property nor less convenient and safe for public use.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Hiram J. Grover* for appellants.

(1) Ordinance number 11558 provided a reasonable, feasible, safe method and standard for the construction of the sidewalk in question, and compliance with its terms is commanded under a penalty of forfeiture of property, and of personal liberty. Compliance with its terms is in the highest degree essential to the public interest and welfare. It was expressly made part of the plaintiff's contract, and became a part of his obligation, and the measure of his duty, as well as of defendants' rights. Neither the city nor any of its departments, or its executive officers, or sidewalk inspectors, could by "discretion" or individual "judgment," nullify its provisions, so as, against defendants' will, to make that a legal sidewalk, which was constructed in flagrant violation of its mandatory provisions. *Keane v. Cushing*, 15 Mo. App. 96; *Keane v. Klausman*, 21 Mo. App. 488; *Bourke v. City of Kansas*, 34 Mo. App. 579; *Bonesteel v. Mayor*, 22 N. Y. 162; *Heague v. Philadelphia*, 48 Pa. St. 527; *O'Hara v. New Orleans*, 30 La. Ann. pt. 1, 152; Dillon, Mun. Corp. [4 Ed.], par. 451, 466 and 483. (2) If the court found that it was impossible for plaintiff to construct the sidewalk in question in compliance with ordinance number 11558, as indicated in the court's supplements

to defendants' instructions numbers 2, 3, and 4, and that the construction of the sidewalk involved necessarily a violation of said ordinance, then the judgment of the court should have been for the defendants, for the reason that such violation of law was beyond the requirement of plaintiff's contract, and such construction was purely voluntary, and not under his contract, or the charter or ordinance of the city; and no special tax bill could be legally issued for the cost of it.

*Rassieur & Schnurmacher* for respondent.

(1) A special tax bill will not be void, and recovery thereon will not be defeated, even though the work for which it was issued was not constructed in literal compliance with the terms of the contract. All that is required by the law is a substantial compliance. *Springfield v. Knott*, 49 Mo. App. 612; *Cole v. Skrainka*, 105 Mo. 303; *Creamer v. Bates*, 49 Mo. 523; *St. Joseph v. Anthony*, 30 Mo. 537; *Galbreath v. Newton*, 30 Mo. App. 380; Cooley on Taxation (1883), p. 468. (2) The tax bill was properly admitted in evidence after proof of its execution by the president of the board of public improvements. He is charged with certain judicial functions in the premises. But the duty of the comptroller is purely ministerial, and the law will presume he did his duty in the absence of proof to the contrary. *Keith v. Bingham*, 100 Mo. 300; *Stifel v. Dougherty*, 6 Mo. App. 441; *Bryan v. Wear*, 4 Mo. 106.

MACFARLANE, J.—This case was certified from the St. Louis court of appeals. We adopt the statement of ROMBAUER, P. J., who delivered the majority opinion in that case. 56 Mo. App. 9.

The action is one upon a special tax bill for constructing a granitoid sidewalk in front of the property of the defendants on the northeast corner of Eighth and Market streets, in the city of St. Louis.   The petition sets out the various ordinances of the city under which the work was done, the completion of the work and the issuance of the special tax bill to the plaintiff.

The substantial defense made by the answer is that the work done was illegal and void, because done in contravention of an ordinance of the city providing, among other things:

"Hereafter no sidewalk shall be constructed, the cross grade of which, or rise from the curb line, shall be greater than one half inch vertical rise to one foot horizontal distance; and in each instance the curb line shall be maintained at its correct elevation above the city directrix, which shall be determined from the construction of the particular street in question."   The ordinance also provides that its violation by anyone shall be a misdemeanor, punishable by fine.

The trial of the cause by the court, without the intervention of a jury, resulted in a judgment for plaintiff.   The defendants appeal, and assign for error the action of the court in refusing to nonsuit the plaintiff, as requested, and the giving of erroneous declarations of law by the court on its own motion.   As the declarations of law given by the court show the theory of the law applied by the court to the evidence, which is the only object of such declarations, where a cause is tried by the court, they will be fully set out hereinafter.

On the trial there was evidence tending to show that there was a difference between the grade of Eighth street and that of Market street, at the point of their intersection at this corner, of five and one half inches; that owing to this difference it was impossible to com-

ply literally with the provisions of the ordinance above set out, unless a jog or set-off were constructed running from the apex of the curb at the intersection of the two streets to the apex of the building line on the corner of the two streets; that, in order to avoid such a jog or set-off (the danger of which to passengers along the sidewalk seems imminent), the plaintiff, under the direction of the city inspector, constructed the fan-shaped portion of the sidewalk at the corner with a grade several inches in excess of that permitted by the ordinance. The evidence tended to show that the residue of the sidewalk was constructed in strict conformity with the provisions of the ordinance. There was also evidence tending to show that the construction of the sidewalk, in the manner in which it was constructed, was the nearest practicable approach to the requirements of the ordinance, in case the sidewalk was to consist of a continuous plane, without any jog or set-off, and that neither the value of the sidewalk as such, nor the danger to pedestrians using it, was materially affected by this slight variation in the grade.

At the request of the defendants, the court first declared that there was no evidence before it to show that it was a physical impossibility to construct the sidewalk in question in conformity with the requirements of the ordinance, or to show that the requirements of the ordinance were unreasonable. However, to the other declarations of law asked by the defendants, which announced, in substance, that, unless the sidewalk was constructed in conformity with the provisions of the ordinance, the plaintiff could not recover, the court added the following qualifications:

"Unless the court shall further find from the evidence that the established grade of Market street and Eighth street, at their intersection, where the pave-

ment in question was to be constructed, was such that such pavement *could not be made to conform strictly to the provisions of said ordinance number 11558 without making such pavement unsafe and inconvenient to the general public having occasion to use the same;* and, if the court shall further find from the evidence that, owing to the inequality of the established grade of said streets (if the evidence shows such inequality to exist), it was found *impracticable and inexpedient* to lay and construct said pavement at the intersection of said streets, and immediately north thereof, *in strict conformity with the literal provisions of said ordinance number 11558,* and that plaintiff thereupon called upon the city official having charge and supervision of said work, and thereafter followed, the directions of said official in the construction of said pavement, and that the same is not by reason of any deviation from the literal provisions of said ordinance number 11558, *less valuable* to the defendant's property, *nor less convenient,* safe and passable for public use, then the plaintiff is entitled to recover."

A strict and literal compliance with ordinances, and contracts thereunder, prescribing the manner in which public street improvements shall be made, has never been required as a condition to the acceptance of the work by the city or to the validity of the tax bill, for the cost thereof charged against the property of individuals. The ordinance, under which the work in question was done, was general in its application and, to require literal compliance therewith, under every exceptional circumstance, would be unreasonable and in instances might work great hardship and injustice upon a contractor or property owner, or both. Indeed the charter itself, in recognition of this difficulty, secures to the property owner the right to reduce the recovery of a special tax bill, by showing that "the

work, therein mentioned, was not done in a good and workmanlike manner." Charter, art. 6, sec. 25.

So it was said, by this court, after citing cases which announce the doctrine that a suit or a tax bill could only be defeated in case the ordinances had been disregarded in a material respect by the city authorities or the contractor: "These cases are sufficient to show that this court has never adopted the extreme view that, in order to recover for these local improvements, the plaintiff must show a literal compliance with all the provisions of the ordinances. Distinction must be made between those matters which affect the substantial rights of the parties and those which are formal and directory." *Cole v. Skrainka*, 105 Mo. 309.

The question here is whether the construction of the sidewalk was in substantial compliance with the requirements of the ordinance. The only complaint made is in respect to that part of the pavement at the corner of Markert and Eighth streets. That the incline at that point from the building line to the curb, a distance of twelve feet, is eight or nine inches, instead of six inches, as fixed by the ordinance, is not questioned. On the question of the effect of this variance upon the value of the sidewalk to the owner, and upon its general utility and safety to the traveling public the evidence was conflicting. It, however, tended to prove all the facts upon which the declarations of law given by the court were predicated. The instructions themselves are in accord with the principles of law herein announced. The finding of the court upon the evidence, and the law, as properly declared, is conclusive upon us. Judgment of the court of appeals affirmed. BARCLAY, J., not sitting. The other judges concur.