ISAAC G. WILSON, Respondent, v. CITY OF ST. JOSEPH et al., Appellants.

Kansas City Court of Appeals, May 20, 1907.

MUNICIPAL CORPORATIONS: Street Grading: Contractor's Duty: Engineer's Mistake: Action. A contract for grading a street required the work to be done in conformity with the plans in the office of the board of public works and in conformity to directions of the engineer as to the mode of doing the work. The engineer set his stakes too high in a fill and the result was the contractor was required to remove eight hundred yards of earth from the fill. *Held*, the contract was to grade according to the plans on file and the direction he was to get from the engineer did not involve an enlargement of the contract or its obligations, and the city was not liable for the extra work resulting from the mistake; and the petition failing to charge bad faith against the engineer, he is not liable since the contractor was not obliged to adopt his mistakes.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) The contract introduced in evidence by plaintiff does not show that it was the duty of the engineer to designate the established grade, but on the contrary, the profile and specifications were filed with the board of public works and were made a part of the plaintiff's contract, giving the established grade for plaintiff, and under the contract it only became the duty of the said

engineer and board of public works to superintend and direct the carrying out of the contract as made between plaintiff and defendant city. Burke v. Kansas City, 34 Mo. App. 570; Bonesteele v. Mayor of New York, 22 N. Y. 162; Steffen v. Fox, 56 Mo. App. 13. (2) The evidence shows that the city engineers were permitted by plaintiff to set stakes showing the established grade to which his contract with the city obligated him to improve the streets in question. They, therefore, became his agent and any errors or carelessness that resulted from their acts in the marking out of this established grade, is the act of plaintiff and the city cannot be held responsible in damages. (3) Admitting plaintiff's contention that plaintiff's contract with the city did provide as claimed by plaintiff that it was the duty of the city engineer to mark out the established grade for plaintiff, still in that event, the city could not be held liable in damages to plaintiff for any errors committed by the engineer. Burke v. Kansas City, 34 Mo. App. 570; Snyder v. Lexington, 49 S. W. 765.

*Kendall B. Randolph* for respondent.

(1) It is the rule in this State in this class of cases that the corporation is liable for the act of its agents injurious to others when the act is in its nature lawful and authorized, but done in an unlawful manner or unauthorized place, but is not liable for injuries, tortious acts which are in their nature unlawful or prohibited. Worly v. Columbia, 88 Mo. 111; Hunt v. Boonville, 65 Mo. 620; Rowland v. Gallatin, 75 Mo. 134; Thompson v. Boonville, 61 Mo. 282. (2) Respondent contends that the cases cited by appellant are not in point. The case of Burk v. City of Kansas, 34 Mo. App. 570, is not an authority in the case at bar. (3) There can be no question, it seems, about the personal liability of the engineer and his assistant. Knox Co. v. Humolt, 110 Mo. 74. The contract under which this

work was done  and the ordinance of the city make it the duty of the engineer to give directions for doing the work, and to set the stakes so that the contractor may conform to the lines established.  If this is true then, the city under the authorities cited is liable for the erroneous setting of the stakes.  (4)  The engineer and his assistant are. personally liable, otherwise there is a wrong without a remedy, which we are taught as an elementary proposition, cannot exist.  They are liable without regard to whether the city is liable or not.  We contend, however, that the city is liable under the authorities cited supra.

ELLISON, J.—This action was instituted  against the defendant city and the other defendants, who are the city engineer and his assistant, to recover damages on account of misdirection as to the grading of a certain street in said city.  The judgment in the trial court was for the plaintiff.

It appears that the plaintiff secured the contract to grade the street which was to be done at the point in controversy by filling earth into it.  The city engineer set his stakes wrong so that they indicated a grade which was higher than called for by the contract.  The plaintiff conformed the grade to the stakes.  On some question being made, he resurveyed and found he had required too much of a fill.  This made it necessary for plaintiff to remove eight hundred cubic yards of earth, and it is that work upon which is founded his claim for damage.

The contract provided that the work should be done "in conformity with the plans for such work on file in the office of the board of public works of the city of St. Joseph, and in the strict obedience to  the  directions which may from time to time be given by the board of public works or its duly-authorized agents."  It further provided that the contractor should conform to the directions of the engineer "as to the mode of doing the

work." It further provided, that when the contractor was not present the engineer's orders would be given to overseers. It was further provided as follows: "This contract is entered into subject to the approval or rejection of the board of public works and subject to the general laws governing cities of the second class and the general ordinances of the city."

If the grading had been done according to the plans on file with the board of public works, as provided in the contract, no mistake would have been made. The damage in this case arose from the mistake made by the engineer in setting the stakes above grade and the mistake of the plaintiff in supposing them to have been set correctly. Plaintiff's contract was to grade the street according to the plans on file and the direction he was to get from the engineer did not involve an enlargement of the contract or its obligations. The directions were to be such as could properly be given in carrying out the contract as made. Otherwise it could never be known what work or improvement would be turned in as a compliance with a contract for public work which property owners should pay for, since it could not be known what the engineer might conclude if he had the authority to go outside the substantial terms of the contract itself. Suppose the mistake, instead of being eight hundred cubic yards, involving small cost, had been one million or more yards, would it still have been plaintiff's idea that he could go on, in the face of the plans, and hold the city for the work? We have considered all that plaintiff has said in behalf of the judgment and yet find ourselves unable to distinguish the case from that of Burke v. Kansas City, 34 Mo. App. 570. The language used by Judge GILL in that case is quite applicable here. He asked: "How far now shall the contractor go in following the directions of the city engineer? Was the plaintiff in duty bound to pursue the instructions of the city engineer, even though in so doing he depart

from the plans and specifications, which he contracted to carry out? We think not. It is a well known rule that in the construction of any written contract, it should be so construed as to harmonize, if possible, all its provisions and so as to avoid all conflicts. The undertaking of the plaintiff in this contract was that he would construct the sewer as stipulated in the plans and specifications. The plans and specifications were to be followed just as zealously as if incorporated in the body of the agreement."

But it is said that though the city is not liable the engineer is. We think not. The petition does not charge bad faith on the engineer's part, or any intention by him to work an injury to the plaintiff. The plaintiff as we have just seen, was under no obligation to follow a direction of the engineer which was not contemplated by the contract. The fact is he merely assumed that officer was right and did not test the matter by the plans which were filed for his guidance with the board of public works. The error was an honest one and was not one plaintiff was obliged to adopt.

We think the judgment should be reversed. All concur.