CITY OF SPRINGFIELD, ex rel., BANK OF COMMERCE, Appellant, v. ELIZABETH R. BAXTER, Respondent.

Springfield Court of Appeals, April 14, 1914.

1.. **PUBLIC IMPROVEMENTS: Tax Bills in Payment for: Invalid When.** A tax bill issued for public improvements placed on private property is invalid and unenforceable, where the city owns neither the fee nor an easement and the landowner has done no act which can be construed as a waiver or permit.

2. ———: **Agreements and Specifications: Contractor Must Follow.** Where a contractor is engaged in making a public improvement he must perform his contract according to agreement and specifications and he cannot safely rely on the lines, measurements and assurances of the city officials.

3. ———: **Tax Bills: Rights of Property Owners: Affected How.** The substantial rights of a property owner against whose property a tax bill is issued may be affected through irregularities, omissions and discrepancies in the passage of the ordinances, the letting of the contract and the issue of the tax bill or because of the workmanship or material used or because of improper location of the improvement.

4. ———: ———: **Quantum Meruit Statute: Not Retroactive:** The *quantum meruit* statute which gives a public contractor a right of recovery where he has substantially performed his agreements in a matter of public improvements, does not affect the contractor's rights under a contract completed before the passage of the statute.

5. ———: ———: **Improper Location of Improvement.** A tax bill
   issued in payment for a sidewalk in front of the property of an
   abutting owner, part of which sidewalk was wrongfully placed
   on the private property of the owner, is not enforcible, absent
   a showing that the part improperly placed could be removed
   and that the remainder would make a symmetrical, sightly and
   durable sidewalk.

Appeal from Greene County Circuit Court.—*Hon. Guy
D. Kirby,* Judge.

AFFIRMED.

*Lewis Luster,* for appellant.

(1) The unlawful use or taking of property can-
not be set up as a defense in an action on a special tax
bill. Village v. Borden, 94 Ill. 26; Holmes v. Village,
121 Ill. 129, 13 N. E. 540; Hunerburg v. Village, 130 Ill.
156, (22 N. E. 486); Maywood Co. v. Village, 29 N. E.
704; Jackson v. Smith, 22 N. E. 432; Palmer v. Stumph,
29 Ind. 329; McGill v. Bruner, 65 Ind. 421; Henderson
v. Railroad, 78 N. Y. 423; Moore v. City of Albany, 98
N. Y. 396. (2) A substantial compliance with the or-
dinance providing for the improvement is all that the
law requires, and a slight variance of a few inches in
constructing the sidewalk will not invalidate the bill.
Lowell v. Hadley, 8 Met. 194; Town and Land Co. v.
Knowl (Ky.), 55 S. W. 205; Cole v. Shranka, 105 Mo.
303; Johnson v. Duer, 115 Mo. 366. (3 If a part of
the work has been done outside of the provisions of
the ordinance and such portion is not a proper charge
because thereof, the erroneous charge may be omitted
from the tax bill and a judgment rendered for the bal-
ance, for the mere fact that part of the charge is un-
lawful will not render the tax bill void. Boonville, ex
rel. v. Rogers, 125 Mo. App. 142; Ernst v. City of
Springfield, 145 Mo. App. 109; Johnson v. Duer, 115
Mo. 366; Walsh v. Bank, 139 Mo. App. 648; Nennan v.
Smith, 60 Mo. 292; Bank v. Arnoldia, 63 Mo. 229; Neill

v. Ridge, 220 Mo. 255, 116 S. W. 619; Joplin, ex rel. v. Freeman, 125 Mo. App. 717; Haag v. Ward, 186 Mo. 349; Perkinson v. Schaake, 108 Mo. 255; Steffen v. Fox, 124 Mo. 635; Burrough of Athens v. Carmer, 32 Atlanta 422; Webb City, ex rel. v. Aylor, 163 Mo. App. 165; Joplin v. Dillion, 61 Mo. App. 217.

*Wright Bros.,* for respondent.

(1) The law pertaining to construction of sidewalks must be strictly construed and strict compliance by the contractor is required. Distinction must be made between those matters which effect the substantial rights of the parties and those which are formal and directory. Cole v. Skranka, 105 Mo. 309. (2) If in any material respect the ordinance of the city bearing upon the question involved had been disregarded by the city authorities or the plaintiff, his suit or his tax bill could not be maintained. Cole v. Skranka, 105 Mo. 309. (3) There is no separable portion in the sidewalk or tax bill. K. C. v. O'Connor, 82 Mo. App. 664; Addison on Conts., Sec. 299-300; 2 Cheety on Conts. (11 Ed.), 973. (4) Defendant admits there was a trespass. The city had ordered the walk constructed on the street and it was partly constructed on plaintiff's property. The contractor must look to the city for his pay for work not paid for if the fault or mistake was made by the city. Johnson v. Duer, 115 Mo. 382.

FARRINGTON, J.—This suit was brought by the plaintiff, Bank of Commerce, as assignee of a special tax bill issued by the city of Springfield, Missouri, for the construction of a first-class four-foot sidewalk. Judgment went for the defendant and the appeal is brought by the bank. The trial court made a finding of facts which the appellant submits here as the case on which the question of the validity or invalidity of the tax bill depends. It may therefore serve as a complete statement of the case and is here set forth:

"The court finds that this is a suit on a special tax bill issued for the construction of a four-foot cement sidewalk and the necessary grading therefor along the east side of Myrtle street and abutting the west side of lot number one in 'Oaklands,' of which said lot the defendant is owner; that 'Oaklands' is a regular platted addition of the city of Springfield, Missouri.

"The court further finds that all the proceedings of the city counsel of the city of Springfield providing for the construction of said sidewalk, and the issuance of the tax bill therefor are regular and conform to the law, and that everything was done by the city officials and the contractors as required by law, except as hereinafter mentioned.

"The court finds that the contractors, J. D. Davis and J. B. Ruffin, doing business under the name of Davis & Ruffin, constructed said sidewalk along the lines fixed and designated and staked out by the city engineer, H. G. Horton; that the walk was constructed of the proper material and in a workmanlike manner and was duly accepted by the proper city authorities, and that the tax bill in suit was issued thereon to said Davis & Ruffin.

"The court finds that the tax bill was for value received duly sold, assigned and delivered to the Bank of Commerce, which said bank is the owner of said tax bill, and that this suit is properly brought in the relation and to the use of the said Bank of Commerce.

"The court further finds that through some mistake or oversight of the city engineer, H. G. Horton, the east line of the said walk was staked out by said city engineer, and as constructed by said contractors encroached upon defendant's lot to the extent of eight inches at the north end of said lot and running diagonally southwest to a point one hundred forty feet south of the northwest corner of said lot, at which point

said east line of the sidewalk runs off of said lot and the sidewalk from there on is in the street.

"The court finds that the number of square feet of sidewalk that have been constructed on defendant's lot amounts to 46.9 square feet, and that the cost thereof at the contract price of eleven cents per square feet amounts to 5 16-100 dollars.

"The court finds that defendant's husband notified Davis & Ruffin that he would not pay for said sidewalk if they constructed it on the lot in question belonging to his wife; but the court finds that Davis & Ruffin did not know that they were building any portion of the sidewalk on the lot, but believed that the east line of the walk as fixed by the city engineer was not on the property in question.

"The court finds that with the exception of the encroachment of the walk upon said property, as aforesaid, the walk was properly constructed and all the proceedings were regular and legal, and the tax bill was legally issued and is in proper form and contains the proper description of said lot and that the contractors in all things performed the work properly and according to their contract with the city.

"Whereupon the court finds the issues for the defendant, and holds that under the evidence the plaintiff is not entitled to recover."

It was admitted by the appellant at the oral argument in this court that the portion of the work found by the trial court to be on private property consists of a triangular strip, the base of the triangle being eight inches off the front of defendant's lot, and the hypotenuse running back to a point one hundred and forty feet south of the front line of defendant's lot. The sidewalk is four feet in width. It lies along the east side of Myrtle street the entire length of defendant's lot—one hundred and sixty-seven feet. It is admitted by appellant that that part of the work contained in the lines of the triangle referred to is not in

the space in Myrtle street which is designed for parking and sidewalk, but does in fact encroach that much upon the private property of the defendant. At a point one hundred and forty feet south of the front line of defendant's lot the east line of the sidewalk leaves the property line and continues on for twenty-seven feet in the parking on the east side of Myrtle street, making a part of the sidewalk, to-wit, twenty-seven lineal feet, entirely off defendant's lot and in the parking.

Plaintiff submitted three instructions (which were refused) which developed the theories on which it hoped to recover, namely: (1) That the encroachment on the private property did not in any way render the tax bill void, plaintiff seeking recovery thereon for the full amount. (2) Admitting the part contained in the triangle on defendant's lot was unlawful, it would not render the tax bill void as to the entire balance of the sidewalk. (3) Conceding that all the sidewalk covered by the tax bill back to the one hundred and forty foot point was unlawful, a recovery should be had for the twenty-seven feet continuing in the parking.

The first proposition—that a tax bill is not rendered void because the improvement is placed on private property—finds some support in the authorities cited in appellant's brief: Village of Hyde Park v. Borden, 94 Ill. 26; Holmes v. Village (Ill.), 13 N. E. 540; Hunerburg v. Village (Ill.), 22 N. E. 486; Maywood Co. v. Village (Ill.), 29 N. E. 704; Jackson v. Smith, (Ind.) 22 N. E. 431; Palmer v. Stumph, 29 Ind. 329; McGill v. Bruner, 65 Ind. 421. See, in addition, Boynton v. People ex rel. Kern (Ill.), 42 N. E. 842; Page and Jones on Taxation by Assessment, Vol. 1, Secs. 398 and 399, and cases cited.

However, the great weight of authority in this country is the other way, and such cases as we are able to find in Missouri hold that such an assessment is

invalid and unenforceable when the tax bill is issued for public improvements placed on private property where the city owns neither the fee nor the easement. [See Page and Jones on Taxation by Assessment, Vol. 1, Sec. 396, and cases cited; 28 Cyc. 1108; Western Pennsylvania Ry. Co. v. City of Allegheny, 92 Pa. St. 100; Richter v. Mayor, Etc., of City of New York, 54 N. Y. Supp. 150; In re Cheesebrough, 78 N. Y. 232; Lorenz v. Armstrong, 3 Mo. App. 574; Carroll v. City of St. Louis, 4 Mo. App. 191; Miller v. Anheuser, 2 Mo. App. 168.]

There are some decisions in this State where the tax bill is held not to be rendered invalid provided the landowner has done some act that can be construed as a waiver or permit, but that question is eliminated from this case as the evidence shows that the defendant was vigilant in protesting and giving notice to the contractors calling attention to the fact that they were encroaching upon her private property and notifying them that in the event they placed the sidewalk where they proposed to lay it and where they did subsequently place it, she would not pay for the same.

It would seem also that in this State the contractor must perform his contract as he has agreed and he cannot safely rely on the lines, measurements and assurances of the city officials. [Carroll v. City of St. Louis, supra; Wilson v. City of St. Joseph et al., 125 Mo. App. 460, 102 S. W. 600.]

The case of Johnson v. Duer, 115 Mo. 366, 21 S. W. 800, fully recognized the rule in this State that no special assessment may be legally collected for public work done on private property, and that case goes so far as to hold that one other than the owner of that property will be relieved of the cost of that part of the work which was constructed on the private land.

We must hold against the appellant's first contention and sustain the trial court in refusing the first offered instruction.

A more difficult question is presented on the second and third instructions requested by the plaintiff which we will treat as governed by the same rule. The sidewalk being constructed of cement, etc. (a granitoid sidewalk), was of such a character as not to permit of separation or change without materially effecting the whole.

The question is, should the court allow for that portion of the improvement which lies entirely in the parking? It is undoubtedly the tendency of the decisions in this State to uphold the validity of tax bills where the facts will permit the court to say there has been a substantial performance of the work under the contract. In all the cases cited by appellant in which the allowance has been made and the property held for a proportionate charge (namely: Ernst v. City of Springfield, 145 Mo. App. 89, 130 S. W. 419; Johnson v. Duer, supra; Walsh v. Bank, 139 Mo. App. 641, 123 S. W. 1001; Neenan v. Smith, 60 Mo. 292; First National Bank of Kansas City v. Arnoldia, 63 Mo. 229; Neil v. Ridge, 220 Mo. 233, 119 S. W. 619; Joplin ex rel. McKee v. Freeman, 125 Mo. App. 717, 103 S. W. 130; Haag v. Ward, 186 Mo. 325, 85 S. W. 391; Perkinson v. Schnaake, 108 Mo. App. 255, 83 S. W. 301; Steffen v. Fox, 124 Mo. 630, 28 S. W. 70; Borough of Athens v. Carmer (Pa.), 32 Atl. 422; Webb City ex rel. v. Aylor, 163 Mo. App. 155, 147 S. W. 214; St. Joseph ex rel. Danaher v. Dillon, 61 Mo. App. 317), will be found the statement or the necessary inference that the contractor has substantially complied with the requirements of his contract. If, in the case at bar, it could be said that the contractor substantially complied with the contract, the cases cited by appellant would require that the contractor be paid for the work less that portion placed on defendant's lot, not because of the *quantum meruit* statute of 1911 which was enacted after the work in question was completed and which is therefore not applicable, but because the courts prior

to the statute recognized the injustice of defeating the contractor on immaterial variances from the strict letter of his contract and matters which did not substantially affect the rights of the property owner. There is no showing in this case that all that part of the sidewalk in the parking could be added to or pieced out and make a symmetrical and sightly and durable sidewalk along defendant's lot. The substantial rights of a property owner against whom a tax bill is issued may be affected through irregularities, omissions and discrepancies in the passage of the ordinance, the letting of the contract, and the issuance of the tax bill, or because of the workmanship, or material going into the work, or because of the improper location of the improvement. In the present case, the question of improper location is the only one urged against the validity of the tax bill. In determining whether the location of an improvement, where the contractor has not strictly complied with his contract, is a substantial variance, or invasion of the defendant's private property rights, each case must depend upon its own facts. The value and extent of the improvement, as well as the value, extent and location of the land on which the encroachment is made will be taken into consideration. What might be a substantial variance in one locality might obviously be unsubstantial in another. In the present case there is no evidence whatever showing the value of defendant's lot, or what, if any, improvements are on it—in fact, nothing so far as we can determine from the record before us as to what is the value of this property so that we might thereby determine whether the encroachment is or is not obviously unsubstantial. The trial court saw fit under the evidence presented to it to hold that the sidewalk placed as it was admitted by appellant to have been placed was such an encroachment as invaded the substantial rights of the defendant; and under the case as made,

we are unwilling to declare as a matter of law that the trial court's finding in that particular is erroneous. There is no showing made by the record that the trial court pursued an erroneous theory in arriving at the result.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.