———o———

JOHN NEENAN, Respondent, vs. FREDERICK W. SMITH, Appellant.

1. *St. Joseph, charter of—Special taxes—Liability of owner prima facie—Assessment apportioned to frontage—Charges for work not in contract—Interest; tender of, etc.*—In suit on a special tax bill for street improvements, brought under the amended charter of St. Joseph, (Sess. Acts, 1865, p. 433, et seq.) held :

1st. The bill made the owner *prima facie* liable for the amount of the debt charged and constituted a valid claim until rebutted.

2nd. The amount assessed must be in that proportion to the whole charge under the contract which the frontage of the lot taxed bears to that of the whole work undertaken.

3rd. The fact that some small amount of work or material may have been apportioned and charged in the bill other than that called for by the contract, will not necessarily invalidate the bill ; but the additional amount so assessed may, on proper showing, be deducted.

4th. In case the bill contains such excessive charges, accruing interest can be stopped only by tendering the true amount; then in event of non-acceptance thereof, if the holder fail to recover more, he can have no interest.

5th. The failure of the city engineer to record the bill in a book kept for that purpose, will not defeat the bill.

2. *Street improvement—Contract embracing independent streets—Non-paving of a part of the streets—Tax bills for work on finished streets—Recovery on.*—Where a contract for street paving embraces a number of disconnected streets, the fact that the paving on some of them is unfinished will not prevent recovery on special tax bills for work on other streets where the work has been completed. And if the paving called for by the contract, has been completed on the particular street, that is sufficient, regardless of the question whether the remainder of the street is paved, or not.

*Appeal from Buchanan Circuit Court.*

*Ben. Loan*, for Appellant.

I. The tax bill which will authorize a recovery must be for work specified in the contract and no other. If work not so included was done on Felix, Francis or Ninth Streets, and the cost thereof was added to the work specified in the contract, and the whole amount apportioned to the property fronting on the work specified in the contract to be done, then such apportionment was unauthorized and is void. (St. Louis v. Clemens, 49 Mo. 552.)

II. The court erred in giving the 1st instruction as asked by the plaintiff. Tax bills are not *prima facie* evidence of the validity of the claim. (Hægele vs. Malinckrodt, 46 Mo., 577.)

III. The whole contract must be completed before any tax bills can be lawfully issued. (St. Louis, &c., vs. Clemens, 49 Mo., 553 ; Kiley vs. Cranor, 51 Mo., 541.)

*Vineyard & Vories*, for Respondent.

I. The legislature intended to make the bills not only *prima facie* evidence that the work and materials were furnished as charged, but also that the person therein named as owner of the property was "liable" as therein charged. (City of St. Louis to use, &c., vs. Hardy, 35 Mo., 261 ; City of St. Louis to use, &c., vs. Coons, 37 Mo., 48 ; City of St. Louis to use, &c., vs. Armstrong, 38 Mo., 33 : Neenan vs. Smith, 50 Mo., 525.)

II. Plaintiff's instructions properly confined the jury in their finding to work done on Frederick Avenue. (Neenan vs. Smith, *supra*.)

III. The first instruction refused defendant is not the law. It would have made the jury find for the defendant, if there had been a single item of ten cents charged in the bill not covered by the contract.

WAGNER, Judge, delivered the opinion of the court.

We see no error in the instructions given for the plaintiff. The amended city charter of St. Joseph provides that when-

ever the mayor and city council shall order the paving, macadamizing, guttering, cross-walks, side-walks or curbing of the carriage ways, intersections and side-walks of any street, lane, alley or avenue within the limits of said city, the cost of the same shall be paid by the owners of the property in the vicinity. (Acts 1865, p. 435, § 4.)

The fifth section of the act provides that whenever the work shall have been fully completed under the authority of an ordinance, the city engineer or other officer having charge of the work, shall compute the cost thereof and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall be charged in proportion to the frontage thereof, with the cost of construction, &c. The officer is then authorized to make out a certified bill of such assessment against each lot of ground chargeable with the work done in the name of the owner thereof, and he is required to keep a record of such bill or account in a properly bound book in his office, which book is subject to the inspection of any citizen. Every such certified bill, when an action is brought to recover the amount thereof, is made *prima facie* evidence that the work and materials charged in such bill have been furnished, and of the liability of the person therein named as the owner of the property. Under this provision the owner of the property is liable for the amount of the indebtedness as charged in the bills. The bills make a *prima facie* case of the facts and liabilities stated in them, and present a valid claim till rebutted by countervailing evidence.

The finding was limited to that part of the work done on Frederick Avenue, between Eighth and Ninth Streets, which was the part of the avenue covered by the plaintiff's contract, and that was in accordance with the decision of this court when this case was here before. (Neenan vs. Smith, 50 Mo., 525.)

The court properly enough refused defendant's first instruction, because it made the tax bills entirely void if any other work or materials were apportioned or assumed in the bills

than what was included in the contract. This would have invalidated the bills and deprived the contractor, who had honestly done his work, of all redress, if the engineer had made a trifling mistake in the matter of the computation or assessment. A proposition which would lead to such a result would be manifestly unjust, and cannot be law.

Defendant's own instructions required the jury to reduce the assessments if they found from the evidence that the work done and materials furnished were not in accordance with the ordinance providing for the manner of doing the work, and they also required a reduction if there was an over assessment. They were in conformity to sound principles, and only allowed for the real value of the work and materials; and would also have allowed for any damages the defendant might have sustained in consequence of plaintiff failing to comply with his contract.

There is nothing in the position assumed in reference to the engineer fraudulently accepting the work. He had nothing to do with its acceptance. It was his duty to make out the assessments; but the acceptance devolved on the board of public works. In addition to this, there was no evidence to show any fraudulent acts or practices on the part of the engineer.

It is insisted that if the plaintiff claimed a greater amount from the defendant than was actually or justly due, then no interest should have been allowed at all on what was really due, and an instruction to this effect was asked and refused. The only way to have stopped the accruing interest would have been for the defendant to have tendered the amount justly due, and then, in the event of a refusal, had plaintiff failed to recover a greater sum, he could have obtained no interest.

The point raised that the bills were invalid unless recorded by the engineer in a book kept for that purpose, is not maintainable. The contractor had no power or control over the engineer, and if that officer failed to do his duty an innocent party who had performed labor and purchased materials could

not be injured thereby. The engineer testifies that he did make the record in a book; but whether he did or not is entirely immaterial. It was his duty, not that of the plaintiff, and the latter had no means of requiring him to perform it, and was not obliged to see that it was performed.

There was evidence to show that the engineer made the assessment and computed the cost of the work done, in accordance with the charter, and the requirements of the city ordinances, and that the assessment of each lot was in the proportion that its front bore to the front of all the lots on the work under contract. This mode of assessment was correct, and the question was fairly submitted.

It is complained of as error that the court refused defendant's 16th instruction, which declared that unless the work specified in the contract was performed and completed before the commencement of this suit, the jury should find for the defendant.

The contract embraced work on some four or five other streets in different parts of the city. With the work on those other streets defendant was not interested, so far as this contract was concerned. All that was necessary to make him liable was to show that the work was completed on the street out of which the assessment grew. Then he had received the benefits which authorized the assessment, and on which his responsibility rested. Whether another street was ever macadamized or not, would make no difference with him, as it would not affect his interest in any way in respect to the street on which the work was performed, and out of which his benefits were derived.

It was under the idea that all the work included in the contract, without regard to the street, should be done, I suppose, that induced the defendant to offer his seventeenth instruction, which was that there was no evidence before the jury that the work had been performed before the commencement of the suits. This instruction was rightfully refused; for the plaintiff on the trial swore directly that the bills sued on were made out after all the work on Frederick Avenue was finished, and that was sufficient.

The objections urged by the defendant in this court are mainly technical in their character, and have little or no merit in them.

The judgment should be affirmed; all the judges concur, except judge Vories, who did not sit.