FIRST NATIONAL BANK OF KANSAS CITY, Appellant, *vs.* PETER ARNOLDIA, Respondent.

1. *Special tax bill—Work included in and not embraced in contract—Effect of on bill.*—The fact that a special tax bill is made to include work done by one who has no contract therefor with the city, does not invalidate the whole bill and prevent all recovery thereon. (See Neenan vs. Smith, 60 Mo. 292).

*Appeal from Special Law & Equity Court of Jackson Co.*

*Tomlinson & Ross*, for Appellant, cited: Neenan vs. Smith, 60 Mo. 292.

*Jenkins & Twitchell*, for Respondent, cited: Creighton vs. Monson, 27 Cal. 613.

SHERWOOD, Judge, delivered the opinion of the court.

Action on special tax bill. The plaintiff is the assignee of one Landy, to whom the tax bill was delivered by the city engineer, who it seems included in the bill, work done by one Corrigan, under the mistaken idea that he had made a contract with the city for the performance of the work. Landy it appears paid Corrigan for the work he had done, and having made a contract with the city, completed the work already begun by Corrigan, and received a tax bill for the full amount of the work done, inclusive of that performed by Corrigan. The court below held that this action on the part of the engineer, invalidated the whole bill and precluded any recovery whatever on the part of the plaintiff.

This was an erroneous view of the matter as ruled by us in Neenan vs. Smith (60 Mo. 292). Judgment reversed and cause remanded; Judge Hough not sitting. The other judges concur.