————o————

THE FIRST NATIONAL BANK OF KANSAS CITY, Appellant, *vs.* GEORGE NELSON, Respondent.

1. *Kansas City—Act of March 16, 1870—Special tax bills—Grading sidewalks—Wrong computation and apportionment of costs—Rule as to plaintiff's recovery and the amount.*—Section 25 of an act amending the city charter of Kansas City, approved March 16, 1870, and giving the city council power to grade sidewalks, and tax the costs, issue tax bills, etc., provided that "nothing in this section should be so construed as to prevent any defendant from pleading in reduction of the bill any mistake or error in the amount thereof, or that the work therein mentioned was not done in a workmanlike manner."

In suit on a special tax bill for grading a sidewalk when in Kansas City under said act it appeared that the work was done under a contract for grading both sides of the street; that the cost of grading the side on which the ground sought to be charged was situated, was greater than that of the opposite side of the street, but the aggregate cost of the whole work was computed and defendant taxed according to his proportion of the entire frontage of both sides, *held*, that on proof of these facts by defendant the suit should not be dismissed; but if it could be shown how much of the entire cost was properly chargeable to defendant, plaintiff might recover that amount.

*Appeal from Special Law and Equity Court of Jackson County.*

*Tomlinson & Ross*, for Appellant, cited in argument: Neenan vs. Smith, 60 Mo. 292 ; First National Bank vs. Arnoldia, 63 Mo. 229 ; Sess. Acts 1871-2, 408, § 25.

*Gage & Ladd*, for Respondent, commented at length on same act and decisions.

HENRY, Judge, delivered the opinion of the court.

The bank sued Nelson on a special tax bill assigned to it by the contractor.  It was issued for work done in grading a sidewalk

on Tenth street, in Kansas City. Nelson owned a lot on the south side of said street, against which the tax bill was issued.

The work was done under a contract for grading the sidewalk on both sides of Tenth street, from Main street to an alley east of Cherry street.

The cost of grading the north sidewalk exceeded the cost of grading the south side, but in apportioning the cost of the work the engineer took the aggregate length of the sidewalk, and apportioned the entire cost among the lots on the street according to their frontage.

By this apportionment defendant's lot was assessed $3.17 more than if the engineer had estimated the work separately for the two sides, charging each side only with the cost of its grading.

There is no controversy about the facts. The court for plaintiff instructed the jury : 1st, that the tax bill offered in evidence is *prima facie* evidence of the validity of the bill, of the doing of the work, of the furnishing of the material charged for, and of the liability of the property to the charge stated in the bill; 2nd, that from the evidence offered the work was substantially completed according to the contract.

The following instruction, asked by plaintiff, the court refused: "Even if both sidewalks were included in the tax bill, yet, if the work was measured on each sidewalk, and from the evidence it can be determined how much is properly chargeable on the lot in question, then the plaintiff is entitled to judgment for the amount properly so chargeable."

The court, at the instance of defendant, gave several instructions, but it is only necessary to notice the fourth, which is as follows :

" If the tax bill in suit is based upon a computation and apportionment of the cost of grading the sidewalks on both sides of Tenth street, and not upon a computation and apportionment of the cost of grading the sidewalk on the south side only of Tenth street, then the finding must be for defendant."

The plaintiff, after the instructions were given, took a non-suit with leave, etc., and on the same day filed his motion to set the

same aside, and for a new trial, which was overruled, and he has appealed to this court.

The instructions asked by the plaintiff and refused, and the one given for defendant present the only question for our consideration.

Section 25 of an act, entitled " an act to amend, an act to revise and amend the city charter of the city of Kansas," approved March 16, 1870, confers ample power upon the common council to cause to be graded, paved, or otherwise improved and repaired, all streets, sidewalks, etc., within the city, and authorizes the council to provide by ordinance for charging the cost of all work on any sidewalk, as a special tax upon the adjoining land, according to the frontage thereof on the sidewalk. It is further provided that the city engineer shall compute the cost thereof, and apportion the same among the several lots or parcels of land to be charged therewith, and charge each lot with its proper share of such cost, according to the frontage of the property, and make out and certify tax bills, according to such apportionment in favor of the contractor, against such lots, and deliver such bills to the party in whose favor issued. It is further provided that " such certified bill shall, in an action thereon, be *prima facie* evidence of the validity of the bill, of the doing of the work, and of the furnishing of the material charged for, and of the liability of the property to the charge stated in the bill ; *provided*, that nothing in this section shall be so construed as to prevent any defendant from pleading, in reduction of the bill, any mistake or error in the amount thereof, or that the work therein mentioned was not done in a good and workmanlike manner."

The counsel for respondent, in a very able and ingenious argument, contends that the proceedings were *strictissimi juris*, and that the plaintiff could not recover on the tax bill, unless the city engineer made it out correctly ; that to permit the court to go into this inquiry is to let the court or jury, whichever tries the issue of the fact, virtually make out the tax bill. The statute makes provision for correcting an error in the tax bill in the proviso we have quoted. It makes the tax bill *prima facie* evidence, but allows the defendant to show an error or mistake in

the amount thereof, or that the work was not done in a workmanlike manner. It does not confine this to mere mistakes in calculations upon correct data, but it equally extends, in our judgment, to correct calculations upon wrong data. The error in this tax bill was not an error in the apportionment of the costs on the basis adopted, but the error was in the basis upon which it was made.

The case of Neenan vs. Smith (60 Mo. 292); The First Nat'l Bank of Kansas City vs. Arnoldia, 63 Mo. 229, are decisive of this.

The judgment is reversed and the cause remanded, Hough, Judge, not sitting. The others concur except Sherwood, C. J., absent.