## ROBERT NEIL v. ISAAC M. RIDGE et al., Appellants.

### Division Two, May 18, 1909.

1. **TAXBILLS: Sewer District: Omission of Railroad Right of Way.** The charter of Kansas City provides that the cost of district sewers shall be by the board of public works apportioned and charged against the lots of land in the sewer district exclusive of the improvements and in the proportion that their respective areas bear to the whole district exclusive of the streets, avenues, alleys and public highways. *Held*, that taxbills assessed against private property are not void because the board did not include the right of way of a railroad as a part of the area of the district, and did not charge the lots and land belonging to the railroad company and included in its right of way with the costs of the improvement. Such omission was, at most, a mistake, for the correction of which the charter makes provision, and the apportionment having been made the taxbills were not void.

2. ——: ——: **Correction of Mistake: Insufficient Pleading.** And where the defense to the suit on the taxbills is that they are void, for that the railroad right of way was not included as a part of the area of the district, and the omission is held to be a mistake which under the charter may be rectified, the answer is insufficient to authorize the court to correct the mistake by proportionately reducing the amount of the taxbills, and hence the court is not called upon to decide whether or not the board correctly omitted the railroad right of way from their computation of the whole area and from the apportionment of the costs of the improvement.

3. ———: ———: **Mistakes Meant By Charter.** That part of the charter of Kansas City concerning the correction of mistakes in taxbills is very broad, and embraces mistakes and errors of every kind which are susceptible of a correct determination by the trial court. It does not confine the court's action to mistakes respecting the manner in which the work was done or the amount of the work accomplished. It includes mistakes in calculating the area of the sewer district, whether the calculations are the result of correct calculations upon wrong data, or incorrect calculations upon right data, or both.

4. ———: ———: ———: **Power of Court to Correct Mistakes: Assessment Imposed Upon Board.** The court has the power and right to reduce the amount of the taxbill where its excessive amount results from excluding from the taxable area property which was in fact a part thereof; and it is not forestalled from making such correction, and compelled to declare the taxbill void because of its excessive amount, because the charter requires the board of public works to make the apportionments of the costs of the public work.

5. ———: **Reduction of Assessment: Interest on Balance.** Where the taxbills, because of erroneous calculations as to the amount of rock excavation done, were issued for too large an amount, and the court reduced them by the amount of the excess, and rendered judgment for the balance, the plaintiff is entitled to interest on such balance from the date mentioned in the taxbills, and not simply from the date of judgment, unless defendant made tender for said balance when the taxbill became due.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellants.

(1) It was error not to assess a portion of the cost of the work of constructing the sewers in question against the land of the Kansas City Belt Railway Company lying within the sewer district. Heman Construction Co. v. Railroad, 206 Mo. 172. (2) The above constituted a failure of the board of public works to make an apportionment of the cost of the work as required by the charter of Kansas City, and

the taxbills are therefore void. Sec. 10, art. IX, charter
of Kansas City; Dollar Savings Bank v. Ridge, 62
Mo. App. 324; Menefee v. Bell, 62 Mo. App. 659; Mc-
Quiddy v. Vineyard, 60 Mo. App. 610. The foregoing
cases approved: Dollar Savings Bank v. Ridge, 183
Mo. 506. (3) The referee and the circuit court erred
in allowing interest on the taxbill sued on from the
date of issue, when the referee found that the bills
were excessive by $1,408.60 on account of too large an
allowance for rock excavation. In view, however, of
the fact that the bills are void for the two reasons
above mentioned, it is not necessary at this time to
argue this proposition.

*Arthur Miller* and *Karnes, New & Krauthoff* for
respondent.

(1) Plaintiff contends that under the Kansas
City charter the right of way should not have been
included in the assessment. (a) The charter of Kan-
sas City, with reference to the assessment of the cost
of the construction of sewers, does not include the
right of way of a railroad; (b) Railroad rights of
way are expressly excluded by the charter of Kansas
City from any assessment for the cost of the construc-
tion of a sewer. Charter of Kansas City, sec. 10, art.
9; Kansas City to use v. Swope, 79 Mo. 446; Kiley
v. Oppenheimer, 55 Mo. 374; Leach v. Cargill, 60 Mo.
316; Independence v. Gates, 110 Mo. 380; Inh. of
Houstonia v. Grubb, 80 Mo. App. 433; Nevada to use
v. Eddy, 123 Mo. 546. Unless there is a provision in
the charter of Kansas City authorizing the issuance
of a taxbill against a railroad right of way for the cost
of constructing a sewer, the right of way is not liable
to be assessed. It must be recalled this is not a
question of exemption from liability; it is a question
of whether the charter makes the railway right of way
liable. Plaintiff contends that the language of the

Kansas City, charter, to-wit, "against the lots of land in the district," is not sufficient to include a railroad right of way, and that the term "lots of land" does not apply to a railroad right of way in a city. Buncombe Co. Commrs. v. Tommey, 115 U. S. 122. A railroad right of way in a street cannot come within the term lot. Railroad v. Capital Paving & Cons. Co., 24 Ind. App. 114; Railroad v. Winnebago, 89 Wis. 435. It has been held in a great many cases that a railroad is a public highway. Brown v. Railroad, 137 Mo. 537; McLucas v. Railroad, 93 N. W. 928; Railroad v. Sutor, 56 Tex. 496; Davidson v. Ramsey Co. Commrs., 18 Minn. 482; Sharpless v. Philadelphia, 21 Pa. 147. (2) The failure of the board of public works to assess a portion of the cost of the work of constructing the sewers in question against the land of Kansas City Belt Railway Company lying within the sewer district, does not make the taxbills sued on in this cause void *in toto*. The Kansas City Belt Railway Company is not a party to this action. This is not a suit on the taxbills against that company. This is an action against a property-owner whose property is in the district, and which property is not a portion of the right of way. Defendants in the case at bar have no right to complain of the failure of the board of public works to include in the apportionment the property of the Kansas City Belt Railway Company, except in so far as such failure may have increased the amount of the taxbills issued against the property of defendants. This being the only tenable contention of defendants, the whole matter is remedied by having a judgment entered on the taxbill for the proper amount thereof. Neenan v. Smith, 60 Mo. 292; Bank v. Arnoldia, 63 Mo. 229; Bank v. Nelson, 64 Mo. 318; Farrar v. St. Louis, 80 Mo. 379; Johnson v. Duer, 115 Mo. 366; St. Joseph ex rel. v. Wilshire, 47 Mo. App. 132; Creamer v. McCune, 7 Mo. App. 91; City of Boonville ex rel. v. Rogers, 125 Mo.

App. 142; St. Joseph v. Dillon, 61 Mo. App. 317; Quest v. Johnson, 58 Mo. App. 54. The cases cited by defendants have no application to the facts of the case at bar. In Dollar Savings Bank v. Ridge, 62 Mo. App. 324, there was no computation at all, nor any apportionment of the cost. In Menefee v. Bell, 62 Mo. App. 659, the taxbill was held valid. In McQuiddy v. Vineyard, 60 Mo. App. 610, there was no apportionment by the board of public works. In Dollar Savings Bank v. Ridge, 183 Mo. 506, the taxbills sued on were held valid, and the case of McQuiddy v. Vineyard and Dollar Savings Bank v. Ridge were only cited to the point that an ordinance providing for the construction of a sewer was not invalid because adopted at a special meeting of the city council, which it was claimed had not been legally called. The question now under consideration was not even mooted, much less decided. (3) The fact that the taxbills issued and sued on in the case at bar may have been for an excessive amount, does not prevent the holder of the taxbill recovering interest on the proper amount from the date of the issue of the taxbill. Neenan v. Smith, 60 Mo. 292. In the authorities cited in point 2 of this brief, the doctrine has been generally recognized that a taxbill issued for an excessive amount was not void *in toto;* that the correct amount of the taxbill could be ascertained and judgment rendered for this amount. In none of these cases was it contended by the eminent counsel representing the parties that interest on the taxbill as corrected would only run from the date of the judgment thereon. The common opinion of the legal profession is very good evidence of what the law is. Venable v. Railroad, 112 Mo. 125; Barber Asphalt Paving Co. v. Meservey, 103 Mo. App. 186; Steinhauser v. Spraul, 127 Mo. 561; Verdin v. St. Louis, 131 Mo. 125; Watson v. Alderson, 146 Mo. 351; Fears v. Riley, 148 Mo. 64; Westerman v. Supreme Lodge.

196 Mo. 709; Hale v. Stimson, 196 Mo. 164; Donnell v. Wright, 199 Mo. 316.

FOX, J.—This cause is now presented to this court by appeal upon the part of the defendants from a judgment of the circuit court of Jackson county, in favor of the plaintiff upon certain taxbills issued for the work of constructing sewers in sewer district No. 61, in Kansas City, Jackson county, Missouri. The bills aggregate $4,487.50.

The sufficiency of the petition upon these taxbills is not challenged, hence it is not essential that we burden this statement with a reproduction of it.

The answer of the defendants, which was filed on June 18, 1901, was, first, a general denial of the allegations in the petition. Then follows the new matter in the answer, setting up other defenses. Such new matter is thus stated in the answer:

"Further answering plaintiff's petition and each and every count thereof, these defendants say that it is and was provided by the charter of Kansas City, Missouri, by section 10 of article 9 thereof, that the cost of district sewers shall be by the board of public works apportioned and charged against the lots of land in the district exclusive of the improvements and in the proportion that their respective areas bear to the area of the whole district exclusive of the streets, avenues, alleys and public highways; but that the pretended taxbills issued for the work done by said construction company, under said alleged Ordinance No. 8512, are not so apportioned and are not issued against all of the property lying within the said district, and that, among other property exempted from the lien of the taxbills so issued, is a large area of land or lots lying within said pretended Sewer District No. 61, belonging to the Kansas City Belt Railway Company, which said land owned by said railway company was

omitted altogether from the assessment by the board of public works against the property chargeable with the cost of said sewers; that, by reason of such omissions, neglect and failure of the said board of public works so to assess such land as aforesaid, the amount of the said special bills charged against each and every of the lots and parcels of the land of these defendants, has been illegally and wrongfully increased beyond the sums and amounts authorized by the said charter of Kansas City, and in violation thereof.

"Also the construction company is allowed in said pretended final estimate (for the taxbills) the sum of $2,817.60 for rock excavation, although in fact said Construction Company did not excavate 1408.8 cubic yards of rock, as shown in said pretended final estimate, and did not excavate solid rock in excess of five hundred cubic yards, and the price of excavating per cubic yard, to-wit, $2, is largely in excess of a reasonable price therefor."

On April 15, 1902, and during the January term, 1902, the plaintiff filed its motion for an order of the court to refer the cause to referee, which order was duly made, and the cause referred to the Hon. Edward P. Gates, to hear the evidence and report the evidence to the court, together with his findings of facts and conclusions of law. The evidence was taken by the referee and on the 22d day of June, 1904, the said Edward P. Gates, referee, reported his findings of facts and conclusions of law to the circuit court of Jackson county, Missouri, at Kansas City.

There was no dispute about the facts. The computation of the cost of construction of said sewer was made and apportioned to the property lying within such sewer district, with the exception of the right of way of the Kansas City Belt Railway Company, a portion of whose right of way it is admitted lies within Sewer District No. 61.

We do not deem it necessary to reproduce in detail the report of the referee. It is sufficient to say that his findings were in favor of the plaintiff for the full amount of the taxbills, with the exception of a reduction in the taxbills of $1,408.60, which the referee found should be deducted on account of excessive estimate and charge for rock excavation.

Defendants filed exceptions to the report of the referee, which exceptions, at the April term, 1904, of said Jackson Circuit Court, were overruled, and judgment upon the finding and report of the referee was rendered against said defendants in favor of the plaintiff, to all of which defendants excepted and still except.

Timely motions for new trial and in arrest of judgment were filed and by the court taken up and overruled. From the judgment rendered in this cause defendants prosecute this appeal, and the record is now before us for consideration.

## OPINION.

The record in this cause discloses but two legal propositions which are submitted for our consideration.

*First.* On the part of the appellants it is earnestly insisted that the taxbills upon which this action is predicated are void for the reason that certain portions of the right of way of the Kansas City Belt Railway Company, which was within Sewer District No. 61, was omitted by the board of public works in making the computation and apportionment of the cost of the construction of the sewer in Sewer District No. 61 in Kansas City, Jackson county, Missouri. In other words, the defendants contend that by reason of the omission of the right of way of the railway company by the board of public works in making

computation and apportionment of the cost of the sewer the taxbills issued against defendants' land were illegally and wrongfully increased beyond the amount authorized by the city charter for the construction of the sewer.

*Second.* It is next insisted by the appellants that the referee having found the amount of the taxbills respecting the rock excavation was excessive, and in his findings deducted $1,408.60, under that state of facts the court committed error in allowing interest upon the amount of the taxbills for rock excavation as found by the referee.

*Third.* On the other hand the respondents contend that under the provisions of the charter of Kansas City the right of 'way of the railway company was not subject to assessment for any portion of the cost of the construction of the sewer, and that the board of public works correctly omitted such right of way located within the sewer district from their computation of the cost of such sewers.

*Fourth.* It is next insisted that even though such right of way should have been included in the computation and apportionment of the cost of the construction of the sewers, the omission of it by the board of public works from such computation and apportionment did not render the taxbills void.

*Fifth.* Upon the proposition that the court erroneously allowed interest upon the amount found to be due by the referee respecting the rock excavations, after deducting the amount which was found by the referee to be an excessive charge, respondent insists that the defendants not having tendered the amount due upon that item of cost, the interest was properly chargeable against them for the amount which was due for the work which was actually performed as found by the referee in his report.

220 Sup—16

## I.

Directing our attention to the first proposition as to the omission by the board of public works to include in their computation and apportionment the cost of the construction of the sewers, the land embraced in the right of way of the railway company which was located within the sewer district, it is apparent that the defendants tried this cause upon the theory that such omission rendered all of the taxbills void. That this was the theory upon which the defendants proceeded in the lower court is obvious from the answer filed by them, as well as the contentions urged in this court upon that proposition by learned counsel for appellants. In other words, it is not sought in the trial court to plead and offer any proof as to errors or mistakes in the computation and apportionment by the board of public works of the cost of the construction of the sewers upon the lands embraced within the area of the sewer district; but the defendants rest their defense as to this proposition upon the allegations in the answer that the land embraced in the right of way of the railway company, located in the sewer district, was not included in the computation and apportionment of the cost of construction of the sewers in said district.

Responding to the insistence of appellants upon this proposition, after a most careful consideration of the disclosures of the record now before us, as well as the authorities bearing upon the legal propositions confronting us, we are of the opinion that the taxbills issued, which are the basis of this action, are not void.

Manifestly if the taxbills involved in this proceeding are void by reason of the omission of the land embraced in the right of way of the railway company, it logically follows and the same principle is applicable that if the board of public works, in the discharge of the important functions imposed upon

it by the charter of Kansas City, and in dealing with the numerous improvements which are being made by that enterprising city, should omit an area of one, two, three or four square feet of land embraced within the improvement district from their computation and apportionment of the cost of the improvements, that would also nullify any taxbills issued upon such computation and apportionment. We are unwilling to sanction this principle as being applicable to the question before us.

Learned counsel for appellant direct our attention to the cases of Savings Bank v. Ridge, 62 Mo. App. 324; Menefee v. Bell, 62 Mo. App. 659; McQuiddy v. Vineyard, 60 Mo. App. 610, and Savings Bank v. Ridge, 183 Mo. 506, as supporting their contentions upon the propositions now under discussion. We have carefully analyzed the decisions to which our attention has been invited by counsel and in our opinion there is a marked distinction in those cases and in the case at bar. In Bank v. Ridge, supra, it will be observed that the board of public works failed to make any computation at all or any apportionment of the cost of the construction of the improvement. In the case at bar it is conceded that a computation and apportionment was made of the cost of the construction of the sewers in the sewer district, and the defense interposed, that the taxbills issued were void, is predicated alone upon the theory that certain portions of land embraced within the improvement district were omitted from such computation and apportionment. It is sufficient to say of Menefee v. Bell in the 62 Mo. App., the taxbill was held valid. In McQuiddy v. Vineyard, supra, it was expressly ruled that there was no apportionment by the board of public works. While it is true there was an effort made at computation and apportionment, but such effort was made by the delegation of the powers vested in the board of public works to other parties to dis-

charge the duties imposed upon the members of the board of public works. It was ruled that such power could not be delegated, and that a computation and apportionment made by those to whom it was sought to delegate such powers was not a compliance with the charter provisions, and in fact was no computation or apportionment at all. That is not this case. There was in fact a computation and apportionment made by the members of the board of public works in the case at bar.

The organic law of the municipality of Kansas City, Missouri, fully recognized that in the improvement and development of a large city there would be mistakes and errors by the officials upon whom rested the important work of adjusting the accounts of those who performed work in the making of the improvements essential to the proper development of the municipality. Section 18 of article 9 of the charter of Kansas City, provides, first, that "every taxbill shall in any suit thereon be prima-facie evidence of the validity of the bill, of the doing of the work and of the furnishing of the material charged for, and of the liability of the land to the charge stated in the bill."

As before stated, that the organic law of the city, its charter, fully recognized that officials in the discharge of their duties were but human, and now and then would make a mistake or commit an error in the discharge of such duties, there was inserted (following the provision that the taxbill in any suit should be prima-facie evidence of the validity of the bill), with the view of avoiding any delays in adjustment and settlement of accounts for the improvement of the city, the following practical proviso, which expressly recites that, "Provided that nothing in this section shall be so construed as to prevent any defendant from pleading and proving, in reduction of any bill, any mistake or error in the amount thereof, or that the work therein mentioned was not done in a good and workmanlike

manner; and provided further, that if any party shall plead any mistake or error in the amount of the bill, or that the work was not done in a workmanlike manner, and that such party, before the commencement of the suit, tendered to the contractor or holder of the bill the full value of the work done, and shall establish the same on trial, the recovery shall only be for the amount so tendered, and judgment for costs shall be rendered against the plaintiff.''

Section 10 of article 9 of the charter of Kansas City, as applicable to the manner of computing and apportioning the cost of the construction of any district sewer, provides: ''As soon as the work of constructing, changing, diminishing, enlarging or extending any district sewer shall have been completed under a contract let for the purpose, the board of public works shall compute the whole cost thereof, and apportion and charge the same as a special tax against the lots of land in the district, exclusive of the improvements, and in the proportion that their respective areas bear to the area of the whole district, exclusive of the streets, avenues, alleys and public highways, and shall, except as hereinafter provided, make out and certify in favor of the contractor or contractors to be paid, a special taxbill for the amount of the special tax against each lot in the district.''

It will be observed from that provision that the cost of the sewer is apportioned against the lots of land in the district, exclusive of any improvements, and it is expressly provided that the apportionment and charge against the lots shall be made exclusive of the improvements, and in the proportion that their respective areas bear to the area of the whole district, exclusive of the streets, avenues, alleys and public highways.

Manifestly under the provisions of the charter as herein indicated, if the board of public works erroneously omitted from their computation and appor-

tionment that part of the right of way of the railway company which was located within the sewer district, such omission should only be treated as a mistake or error contemplated by the charter provisions heretofore referred to, which was susceptible of correction upon proper pleadings and proof in the trial court. Under the pleadings in this case we shall not undertake to determine the proposition as to whether or not the omission of that portion of the right of way of the railway company located within the sewer district from the computation and apportionment made by the board of public works, was erroneous or not. It is sufficient to say that if the board of public works committed an error or mistake in the computation and apportionment, by omitting the right of way from their calculation in the opportionment of the cost of the construction of the sewer, it was simply such a mistake or error as would authorize the defendants, under the proviso in the charter, to plead and prove in reduction of such taxbills the mistake or error committed by the board of public works in making their computation. Clearly if the error as complained of in this case was committed by the board of public works, it was susceptible of correction to a mathematical certainty. The railway companies owning the right of way are not parties to this suit, nor is this plaintiff seeking to enforce a lien of a taxbill against the right of way, and the defendants have no interest in the question as to whether the board of public works embraced the right of way in their computation and apportionment, further than to show that the taxbills against their property were increased by reason of omitting the railway company's right of way from the computation and apportionment of the cost for the construction of the improvement. In other words, that the calculations respecting the apportionment of the cost was made by the board of public works upon wrong data. If the board of public works committed

an error or mistake in the omission of the railway
right of way from their computation, the effect of
such error and mistake upon the taxbills as against
the property of the defendants was easy of determina-
tion and capable of rectification, and the amounts to
which the defendants were entitled to have their tax-
bills reduced were susceptible of ascertainment to a
mathematical certainty. The entire cost of the con-
struction of the sewers was known; the area of that
portion of the right of way of the railway company
located within the sewer district could readily be ascer-
tained, and it was simply a matter of mathematical
calculation as to what proportion the area of the right
of way of the railway company bore to the area of
the whole district, and the exact amount of the burden
of the cost of the construction of the sewers in that
district the land omitted should bear. This calculation
would demonstrate the amount of reduction that should
be made upon the taxbills issued against the property
of the defendants, and had the defendants in their
answer fully set forth the mistake or error committed,
indicating the excessive charge in the taxbills by rea-
son of the omission to include the right of way of
the railway company, the trial court had full power
and authority to correct the error or mistake, if any
was made. If the answer of the defendants upon the
theory as herein indicated, that the board of public
works had made a mistake or error in the computation
and apportionment of the cost of the construction of
the sewers in the district, or rather that their calcula-
tions as to the computation and apportionment of the
cost, by reason of not including the right of way of
the railway company, were made upon wrong data,
and the trial court should have refused to have rectified
such mistake, then this court would be confronted
with the proposition as to whether or not the board of
public works correctly omitted the right of way of
the railway company from their computation and ap-

portionment of the cost of the construction of the improvement. However, the defendants in the trial court did not proceed upon that theory, a theory which is contemplated by the proviso in the charter, that where a reduction in the taxbill is sought by reason of any mistake or error in the amount thereof, the defendant shall plead and prove the facts upon which such reduction is sought. As heretofore stated, the defendants in their answer simply alleged the omission by the board of public works to include in their computation and apportionment of the cost of the construction of the sewer that portion of the right of way of the railway company located within the sewer district, followed by an allegation that the taxbills were illegally and wrongfully issued. The answer was not sufficient, if the trial court had so desired to have authorized the introduction of the proof of a mistake in the amount to which defendants were entitled to have their taxbills reduced by reason of such mistake or error.

It does not furnish a correct solution of this proposition to say that the mistakes or errors committed, which were susceptible of correction in the trial court, are confined to mistakes respecting the manner in which the work was done or the amount of work actually performed, or in other words to mistakes made in mere calculations respecting computation and apportionment of the cost of the construction of the improvement upon correct data. The proviso in the charter of Kansas City is very broad, and in our opinion embraces mistakes and errors of every character and nature which are susceptible of an absolute correct determination by the trial court. This proviso expressly recites that "nothing in this section shall be so construed as to prevent any defendant from pleading and proving, in reduction of any bill, any mistake or error in the amount thereof."

In First National Bank of Kansas City v. Nelson, 64 Mo. 418, the plaintiff sought a recovery upon a taxbill for work done in grading a sidewalk on Tenth street, in Kansas City. The defendant Nelson owned a lot on the south side of said street, against which the taxbill was issued. The work was done under a contract for grading the sidewalk on both sides of Tenth street, from Main street to an alley east of Cherry street. The cost of grading the north side of said Tenth street exceeded the cost of grading the south side, but in apportioning the cost of the work the engineer took the aggregate length of the sidewalk, and apportioned the entire cost among the lots on the street according to their frontage. By this apportionment the defendant's lot was assessed $3.17 more than if the engineer had estimated the work separately for the two sides, charging each side with the cost of its grading. Manifestly in that case the apportionment of the cost was erroneously made. The plaintiff requested this instruction, which was refused by the court: "Even if both sidewalks were included in the taxbill, yet, if the work was measured on each sidewalk, and from the evidence it can be determined how much is properly chargeable on the lot in question, then the plaintiff is entitled to judgment for the amount properly so chargeable." The court then gave an instruction upon the part of the defendant that if the taxbill in suit was based upon a computation and apportionment of the cost of grading the sidewalks on both sides of Tenth street, and not upon a computation and apportionment of the cost of grading the sidewalk on the south side only of said Tenth street, then the finding must be for the defendant. With the instruction refused as offered by the plaintiff and the instruction given by the trial court for the defendant there was nothing left for the plaintiff to do except to take a nonsuit, with leave to move to set the same aside, which was done, but the court over-

ruled the motion to set the nonsuit aside and for a new trial, and an appeal was granted to this court. Judge HENRY, speaking for this court, referred to the proviso in the charter, which provided that "nothing in this section shall be so construed as to prevent any defendant from pleading, in reduction of the bill, any mistake .or error in the amount thereof, or that the work therein mentioned was not done in a good and workmanlike manner." Following this reference to the proviso it was expressly ruled that this proviso in the charter was not confined to mere mistakes in calculation upon correct data, but it equally extends to correct calculations upon wrong data. In treating of this proposition, the learned and esteemed judge said: "The counsel for respondent, in a very able and ingenious argument, contends that the proceedings were *strictissimi juris,* and that the plaintiff could not recover on the taxbill, unless the city engineer made it out correctly; that to permit the court to go into this inquiry is to let the court or jury, whichever tries the issue of fact, virtually make out the taxbill. The statute makes provision for correcting an error in the taxbill in the proviso we have quoted. It makes the taxbill prima-facie evidence, but allows the defendant to show an error or mistake in the amount thereof, or that the work was not done in a workmanlike manner. It does not confine this to mere mistakes in calculations upon correct data, but it equally extends, in our judgment, to correct calculations upon wrong data. The error in this taxbill was not an error in the apportionment of the costs on the basis adopted, but the error was in the basis upon which it was made. The cases of Neenan v. Smith, 60 Mo. 292; First Nat'l Bank of Kansas City v. Arnoldia, 63 Mo. 229, are decisive of this." For the errors in refusing plaintiff's instruction and giving defendant's instruction in this cause the judgment was reversed and the cause remanded.

It is not a sufficient answer to the conclusions reached in this cause to say that if the mistake or error of the board of public works were corrected by the trial court such correction would in effect be a computation and apportionment by the court of the cost of the construction of the improvement chargeable against the land embraced in the right of way of the railway company, in violation of the provisions of the charter of Kansas City, which required the board of public works to make such computation and apportionment. It is sufficient to say upon that proposition that the owners of the right of way of the railway company are not parties to this suit, nor is it sought to enforce a tax lien against their property. If so, the owners of such right of way would be in a position to interpose the objection to the calculations as made by the trial court, but the defendants in this cause clearly are in no position to complain at the calculations which may be made by the trial court respecting the area of property which has not been included in the computation and apportionment made by the board of public works, in order to ascertain the correct amount with which the taxbills of the defendants should be credited by reason of the omission of the land embraced in the right of way from the computation and apportionment made by the board of public works.

In the early case of Creamer v. McCune, 7 Mo. App. 91, the St. Louis Court of Appeals had in judgment the same proposition as is involved in the case at bar. Judge Lewis, in speaking for that court, said that the defense chiefly relied on is that some of the property within the district to be taxed was omitted from the assessment. Judge Lewis, in treating of the computation made in this cause, said: "The computation of the amount due upon the defendants' property for the work done was therefore erroneous. But does it follow that the contractor can recover nothing for his labor and expenditure on the sewer? To hold

this would be to defeat the manifest ends of justice and the clear intent of the law." In further treating of the proposition involved in that case the learned judge referred to the case of Neenan v. Smith, 60 Mo. 292, wherein this court used this language: "The court properly enough refused defendant's first instruction, because it made the taxbill entirely void if any other work or materials were apportioned or assumed in the bills than what was included in the contract. This would have invalidated the bills, and deprived the contractor, who had honestly done his work, of all redress, if the engineer had made a trifling mistake in the matter of the computation or assessment. A proposition which would lead to such a result would be manifestly unjust, and cannot be law." Following the reference to that case the conclusions of the court upon the propositions then in hand were clearly announced in the following language: "It is clear, therefore, that the contractor's right to be paid for his work will not be made to stand or fall by the accuracy or inaccuracy of the engineer's computation or apportionment. The engineer may correct his errors and issue a new taxbill. This being the case, there seems to be no reason, on principle, why the trial court may not, upon the discovery of an error which is easily determinable and capable of rectification, apply the proper correction in a reduction of the amount to be recovered. In Neenan v. Smith, above cited, it was held that an over-assessment resulting from the introduction of matters not properly chargeable against the defendant's property might be deducted by the jury, and the correct amount be thus ascertained. The rule is equally applicable here, where an over-assessment results from a failure to include certain assessable property in the apportionment. The circuit court refused to instruct for the plaintiff to this effect. The judgment is therefore reversed and the cause remanded, with the concurrence of all the judges."

It will be observed that the proposition confronting the St. Louis Court of Appeals in the case last cited was identical with the proposition confronting us in the case at bar, and it was expressly ruled that the rule which permitted the jury to deduct the matters not properly chargeable against the defendant's property was equally applicable in case of an over-assessment or a failure to include certain assessable property in the apportionment. In other words, we take it that the St. Louis Court of Appeals in that case expressly held that, where the taxbills were increased by reason of a failure to include certain assessable property in the apportionment, such mistake or error might be corrected in the trial court upon proper allegations in the answer and proof supporting such allegations, by a reduction of the taxbills to the extent of the increase of such taxbills by reason of the omission of certain assessable property in the calculations respecting the computation and apportionment of the cost of the improvement.

Again in Farrar v. St. Louis, 80 Mo. 379, where it was sought to recover upon taxbills for certain street improvements, it was contended that the ordinance was invalid because it did not impose a part of the cost of reconstruction on the railroad companies occupying with their tracks a part of Washington avenue. This court in treating of the insistence upon the part of the appellants held that the railway company was liable for the cost of reconstructing so much of Washington avenue as is included between the rails of the company's tracks. However, the cost of the improvement between the rails of the company's tracks was assessed against the property fronting on the avenue, but this court, in discussing that proposition, said that if the "law is not observed, and the cost of the improvement between the rails of the company's tracks is assessed against the property fronting on the avenue, the most that could be said of it is that the taxbill would only be

invalid to that extent, and that it 'would still be valid to the extent of the true amount for which the lot is liable.''

To the same effect is Johnson v. Duer, 115 Mo. 366. In that case an injunction was sought to enjoin the collection of a tax for the building of a sewer. There was ten thousand five hundred feet that was constructed by the contractor, but one hundred and ninety feet of this was not laid along the center of the street as required by the ordinance. It was contended by the property-owners, and they sought to enjoin the collection of the price of constructing the sewer upon that ground; that the contractor, by reason of the fact that one hundred and ninety feet of this sewer was laid through private property and not along the center of a public street, should forfeit the whole contract price. Judge MACFARLANE, in responding to the contentions of the property-owners, said: ''So rigid a rule has not been followed even in suits at law upon taxbills. When the statutory proceedings necessary to secure a taxbill have not been observed in some particulars, the tax has been held invalid only as to what was done outside the authority of law,'' and the 'final conclusion was announced in that case that the property-owners should pay the contract price for all the work, except such part as is constructed through private property, and, until a proper proportion of the taxbills is paid or tendered, no injunction should be granted.

See also case of City of St. Joseph v. Dillon, 61 Mo. App. 317. In that case there were certain inlets which were improperly included in the taxbills issued; however, it was apparent that the cost of the construction of the inlets in the sewer district could be readily ascertained, separated and deducted from the entire cost of the sewer. It 'was ruled in that case that the error could be corrected and the amount of the erron-

eous charge deducted and the balance of the claim should be duly enforced.

To the same effect is the case of City of Boonville ex rel. v. Rogers, 125 Mo. App. 142, and Quest v. Johnson, 58 Mo. App. 54.

In the comparatively recent case of Dickey v. Porter, 203 Mo. 1, the doctrine of adjusting and correcting mistakes or errors in taxbills was fully recognized. In fact, our attention has not been called to any case by the appellate courts where a mistake or error was committed by the officers in making the computation and apportionment of the cost of the construction of the improvements, where it was held that the error or mistake could not be corrected upon proper pleadings and proof in the trial court.

The cases cited by appellants, to which we have already referred, as heretofore stated, were cases in which no computation or apportionment was made at all. In those cases we are of the opinion that it was properly held that taxbills issued without any computation or apportionment of the cost of the construction of the improvements would be void, but 'we repeat, in the case at bar there was a computation and apportionment of the cost of the construction made, and if the land embraced within the right of way of the railway company, and located within the sewer district, was erroneously omitted from such computation and apportionment, we are clearly of the opinion that it was a mistake or error, which, under the proviso in the charter of Kansas City heretofore indicated, could have been corrected upon proper allegations in the answer of the defendants and proof of such allegations in the trial court.

If the board of public works erroneously omitted from their computation and apportionment the cost of the construction of the sewer in Sewer District No. 61, then it logically follows that their computation and apportionment was made upon wrong data, and was

simply a mistake of the nature and character pointed out by this court in Bank of Kansas City v. Nelson, supra. So it may be said in the case at bar, as was said in that case, the error in the taxbill which formed the basis of this action, was not an error in the apportionment of the cost on the basis adopted by the board of public works in making such computation and apportionment, but the error, if the contention of appellants is to be maintained, that the right of way of the railway company was erroneously omitted from the computation and apportionment of the cost, consisted in the basis upon which the computation and apportionment of the cost was made by the board of public works, and as was said in the last-cited case, the mistakes or errors, the correction of which is fully provided for by the provisions of the charter, is not confined to mere mistakes to calculations upon correct data, but extend to correct calculations upon wrong data. In other words, it is held in that case that it is immaterial whether the error consisted of a mistake in calculations in making the computation and apportionment of the cost upon a correct basis, or whether the error consisted of correct calculations upon a wrong basis—the error or mistake was susceptible of correction in the manner pointed out by the proviso in the charter.

## II.

This leads us to the final contention of the appellants, that is, that the referee having found that the taxbills were originally issued for too large an amount respecting the work of rock excavation in the construction of the sewers, no interest should have been allowed on the taxbills for the balance of the taxbills after making proper deductions for the excessive charge concerning the rock excavation.

In the case of Neenan v. Smith, 60 Mo. l. c. 295, the same insistence was made as in the case at bar.

It was contended in that case that if plaintiff claimed a greater amount from the defendant than was actually or justly due, no interest should have been allowed at all on what was really due, and an instruction to this effect was asked and refused. This court, speaking through Judge WAGNER, responded to this insistence in this language: "The only way to have stopped the accruing interest would have been for the defendant to have tendered the amount justly due, and then, in the event of a refusal, had plaintiff failed to recover a greater sum, he could have obtained no interest."

The ruling in that case must be treated as being decisive of the proposition now under consideration. It may be added that it has been the uniform expression of the appellate courts in this State that a taxbill issued for an excessive amount was not absolutely void. That if the correct amount of the taxbill could be ascertained it would be enforced for such correct amount and judgment rendered accordingly.

There have been numerous cases both in the Courts of Appeal and in the Supreme Court on the question of correcting errors and mistakes in amounts of taxbills, and judgments have been enforced for the amounts after deducting excessive charges, and it is significant that in none of those cases was it contended that the interest on the taxbills as corrected should only run from the date of the judgment thereon. However, as before stated, the case of Neenan v. Smith, supra, is a direct adjudication upon that question, and must be held, as heretofore stated, decisive of it.

We have indicated our views upon the legal propositions disclosed by the record, which results in the conclusion that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.