JOHN WALSH, Respondent, v. THE FIRST NA-
TIONAL BANK OF MONETT, MISSOURI, Ap-
pellant.

Springfield Court of Appeals, December 6, 1909.

1. **APPELLATE PRACTICE: Filing of Bill of Exceptions: Suffi-
ciency of Abstract.** Where appellant's abstract of the record
recites in narrative form that appellant within the time pre-
scribed by the court filed its bill of exceptions, duly signed by
the judge of said court, and said bill of exceptions became a
part of the record of said cause, held sufficient to show filing
of said bill.

2. **PLEADING: General Denial: Ownership of Taxbills Put in
Issue.** The general denial put in issue every fact which the
plaintiff must prove to make out a *prima facie* case. It is suffi-
cient to put in issue the plaintiff's ownership of taxbills and a
special plea is not necessary to raise this issue.

3. **PRACTICE: Party to Suit: Day in Court.** Even though the
owner of certain taxbills is not a party defendant to a suit
for their cancellation, yet, where he really conducts the defense
in said suit, then he will be bound by the judgment for he has
had his day in court.

4. **PLEADING: Conclusions.** Allegations in a petition that an
ordinance under which certain construction work was done and
taxbills issued were "vague, uncertain, unreasonable and op-
pressive" are mere conclusions. The vagueness and indefinite-
ness should be pointed out by showing what essentials had been
omitted.

5. **TAXBILLS: Ordinance: Sufficiency of Notice for Bids.** Where
a general ordinance of a city provides that unless the ordinance
for causing a district sewer to be constructed shall otherwise
provide, the clerk shall advertise for sealed bids in a newspaper
doing the city printing for at least ten days; held, that a notice
in compliance with the general ordinance was sufficient, where
the special ordinance for the construction of the sewer did
not provide for notice.

6. **————: City Engineer: Total Cost and Apportionment Esti-
mated by Proper Officer.** The statute does not in terms re-
quire the work of constructing sewers for which special taxbills
are to be issued, to be done under the supervision of the city
engineer, but it does require the estimate of the total cost

139 App—41

and the apportionment thereof to the property-owners to be made by the "city engineer, or other officer in charge of the work." Evidence in this case held to show a substantial compliance with the statute.

7. ————: Defects: Estoppel of Property-Owner. Where a property-owner stands by in apparent acquiescence until the work of constructing a district sewer was completed and his property had received the benefits of it, he should not be heard to complain of any defects in the taxbills, issued for the work, which did not go to the validity of the taxbills themselves.

### On Rehearing.

8. TAXBILLS: Issuance Before Final Estimate. Where it was made to appear on rehearing that it was very probable that one of the taxbills involved in the suit was dated prior to the filing of the final estimate by the city engineer, and it was contended by respondent, that some of the questions which are not passed on in this case, were properly raised by the pleadings, the former order of reversal was changed and the cause was remanded for a new trial.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*J. T. Burgess, D. S. Mayhew* and *M. A. Fyke* for appellant.

(1) The reasonableness or unreasonableness of the action of the council cannot be questioned, unless fraud be shown and none was pleaded in this case. Akers v. Kalkmeyer, 97 Mo. App. 520; Miller v. Anheuser, 2 Mo. App. 168; State ex rel. v. Birch, 186 Mo. 221; Heman v. Schulte, 166 Mo. 409. (2) The burden in cases of this character is on plaintiff and the evidence must be confined to the allegations in the petition. Huling v. Flagstone Co., 87 Mo. App. 349; Dunnegan v. Greene, 165 Mo. 98; Claflin v. Sylvester, 99 Mo. 276; Merchants v. Sessinghaus, 59 Mo. App. 106; McConnell v. Standard Co., 93 Mo. App. 121; Bridewell v. Cockrell, 122 Mo. App. 196; Jones v. Plummer, 118 S. W. 109; Muff v. Cameron, 134 Mo. App. 608. (3) The

fact that possibly some lots may have been omitted from the assessment, if such is the fact, does not render invalid all the bills. Neill v. Ridge, 119 S. W. 619, 220 Mo. 223; Bank v. Arnoldia, 63 Mo. 229; Neenan v. Smith, 60 Mo. 292; Creamer v. McCune, 7 Mo. App. 91. (4) Property-owners cannot lie by and see the work progress to completion without an effort to stop it and then defeat the contractor in his suit on the tax-bills on such a plea as this. Jacks v. Merrell, 201 Mo. 91; Barber Asphalt Co. v. Ullman, 137 Mo. 543; Sheehan v. Owen, 82 Mo. 464; Steffen v. Fox, 124 Mo. 630; Cole v. Skrainka, 105 Mo. 303; Warren v. Barber Asphalt Co., 115 Mo. 580.

*T. D. Steele* and *W. Cloud* for respondent.

(1) We contend there should have been a record entry affirmatively showing the filing of the bill of exceptions, showing the date of the filing of same, and unless there is such a showing in the record the appellate court is without jurisdiction to consider anything except the record proper. St. Charles ex rel. v. Deemar, 174 Mo. 122; Williams v. Harris, 110 Mo. App. 538; Harris v. Kobusch, 127 Mo. App. 441; Hamilton-Brown Shoe Co. v. Williams, 91 Mo. App. 511. (2) The tax-bills are invalid, for one reason at least, and that is because the city engineer did not have anything to do with the work and did not perform any duty and Burns & McDonnell could not be officers of the city, they residing in Kansas City. Section 5775, Revised Statutes 1899, requires officers to be residents of the city. Weesner v. Central Nat'l Bank, 106 Mo. App. 668. (3) The facts are, large blocks were left out of the computation altogether, and five per cent was added for services of engineer. One lot owner cannot be made to bear the burden of another's default or exemption. Thornton v. Clinton, 148 Mo. 648.

STATEMENT—Bill in equity by plaintiff to cancel certain taxbills issued by the city of Monett, a city of the third class, against his property, to pay for the construction of a district sewer. It is alleged that the taxbills were issued to J. J. Dunnegan, contractor, in payment for the work, and after their delivery, were transferred to defendant who is now the holder and is seeking to collect the same from plaintiff's property.

As grounds to justify cancellation the petition charges.

That the ordinances under which the work was done are "vague, indefinite, unreasonable, oppressive."

That no notice was given by which persons desiring to bid upon the construction of said sewer could do so intelligently.

That said sewer was not constructed under the supervision of the city engineer or any other officer of said city.

That no estimate was made and filed with the said city engineer or with any city officer of said work after the same had been constructed, so as to ascertain the proportion of the cost thereof with which plaintiff's property is chargeable.

The answer is a general denial.

Decree for plaintiff cancelling taxbills, and defendant appealed.

COX, J.—It is first contended by respondent that appellant has failed to comply with the rules of this court in filing abstract of the record, and insists that appellant should suffer the penalty prescribed by the rules for his neglect. Appellant admits that he has not complied strictly with our rules, but excuses himself upon the ground that this case first went to the Kansas City Court of Appeals and was transferred to this court, and that he had not noticed the difference in the rules. We shall accept the excuse and pass that point. It is next contended by respondent that there is no

proper showing in the abstract of record filed by appellant that the bill of exceptions was filed in the court below and that we should disregard it here. Appellant's abstract of the record recites in narrative form that the court made an order of record allowing defendant until and including the first day of the next term of court in which to prepare and file bill of exceptions, and that appellant, within the time prescribed by the court, filed its bill of exceptions, duly signed by the judge of said court and said bill of exceptions became a part of the record in said cause, which said bill of exceptions is as follows:

Then follows the bill of exceptions.

We think this was sufficient and are sustained in this view by the following cases: Stewart v. Patten, 65 Mo. App. 21; McDonald & Co. v. Hoover, 142 Mo. l. c. 493.

The cases cited by respondent, Williams v. Harris, 110 Mo. App. 538, and other cases, are all cases in which the abstract of the record filed by appellant did not recite the filing of the bill of exceptions, and the only evidence that it was filed was found in the bill itself. This was held to not be sufficient, but they, in no way, conflict with our position in this case.

There is an allegation in the petition that defendant is now the owner of the taxbills. The answer is a general denial, and it is now contended by respondent that the general denial does not put in issue the ownership of the taxbills, but that this issue can only be raised by special plea. The general denial puts in issue every fact which the plaintiff must prove to make out a *prima facie* case. [Musser v. Adler, 86 Mo. l. c. 449; Sprague v. Rooney, 104 Mo. l. c. 360.]

Under this state of pleadings had there been no evidence as to the ownership of the taxbills could a judgment for plaintiff be upheld? We think not, and shall rule that point against respondent. We next consider whether the proofs sustain the allegation of owner-

ship in defendant, and on the naked question of owner-
ship we should say that it does not. A fair construction
of all the testimony upon that question can result in but
one conclusion, viz.—that the taxbills were the property
of the Shenandoah Bank, of Shenandoah, Iowa, and had
been sent to defendant for collection only, with no au-
thority to sue or, in any way, force collection. It does
not, however, necessarily follow that plaintiff's cause
of action must fail for that reason for there was evi-
dence in this case from which the trial court might find
that the Shenandoah Bank, who was the owner of the
taxbills, really conducted the defense in this trial, and,
if that be true then it has had its day in court, and will
be bound by the judgment, though not a party to the
record. [Strong v. The Phenix Insurance Co., 62 Mo.
289; Wood v. Ensel, 63 Mo. 193.]

We now come to the question of the validity of the
taxbills. The first objection is that the ordinances under
which the work was done are "vague, indefinite, unrea-
sonable, oppressive"—mere conclusions. The vagueness
and indefinitness should be pointed out by showing what
essential had been omitted. The facts which render
them unreasonable or oppressive should be stated.
There was, moreover, no evidence to sustain either of
these allegations and they must fall.

The next objection is that no notice was given by
which persons desiring to bid upon the construction of
the sewer could do so intelligently.

The city ordinance No. 239 provides that unless the
ordinance for causing the district sewer to be construc-
ted shall otherwise provide, the clerk shall advertise
for sealed bids in the newspaper doing the city printing
for at least ten days. The ordinance for construction
of this sewer did not provide for the notice, so ordinance
No. 239 would apply. The evidence shows that adver-
tisement was made in the Monett Star for sixteen days.
No objection is made to the form of the notice or that
it was not properly published, but it is now claimed by

respondent in his brief and argument that no plans and specifications had been prepared by the city engineer, and by him filed with the city clerk for the guidance of bidders, and complaint is also made that the city council had employed Burns & McDonnell of Kansas City, Missouri, to make these plans and specifications, and, had thereby displaced the city engineer on whom the ordinances of the city and the law devolved this duty. Plaintiff's petition does not set this up as a ground for annulling the taxbills, but the only reference in the petition as to this fact is in relation to the notice to bidders. This notice recites that "detail plans and sewer profiles" will be kept on file at the office of the city clerk, and at the office of the engineers, Kansas City, Misouri, where the contractors will have ample opportunity to secure all data for bidding. We think the notice was sufficient.

The other objections to the validity of these taxbills are that the work was not constructed under the supervision of the city engineer or other officer of the city and that after the completion of the work no estimate of the total cost and the amount chargeable to plaintiff's property was made. We shall consider these together. The statute does not, in terms, require the work to be done under the supervision of the city engineer or any other officer. It does require the estimate of the total cost and the apportionment thereof to the property-owners to be made by "the city engineer or other officer having charge of the work." This estimate and apportionment must be made by the proper officer in substantial compliance with the statute, for it is upon this, and this alone, that the council is authorized to levy the tax. [Weesner v. Central National Bank, 106 Mo. App. 668; Akers v. Kolkmeyer & Co., 97 Mo. App. 1. c. 528.]

In this case it appears from the evidence that such an estimate and apportionment was made and signed by George Parrish, City Engineer, and Burns & McDonnell by C. T. Hardy. The council had contracted with

Burns & McDonnell before the sewer was constructed by which they were engaged to prepare plans and specifications, to superintend the work of construction, make profiles, and, in short, to do all that an engineer would be expected to do. We may assume that they complied with their contract but this does not prevent the estimate and apportionment signed jointly by them and the city engineer from being the act of the engineer. It was as much his act as if he had signed it alone and was sufficient authority for the levy made by the council. There was some evidence that during a portion of the time the work was in progress, the city engineer was not present, but we do not think the evidence in that respect sufficient to justify the finding that the city engineer did not by himself, or through some agent, really superintend the construction of the sewer. He signed the final estimate and apportionment in which he recites that the work had been completed in conformity to the contract and this makes it clear that he knew what had been done under the contract, and that was all that was required in that connection.

The city had agreed to pay Burns & McDonnell for their services five per cent of the cost of construction, and this was added to the cost, and included in the taxbills. Some lots were omitted and no taxbills issued against them. These facts are now urged as reasons for annulling these taxbills. The commission of Burns & McDonnell should not have been included and the property-owners cannot be made to pay it. The plaintiff may also be relieved of the erroneous charge for lots omitted, but these things do not render the taxbills void. [Neenan v. Smith, 60 Mo. 292; First National Bank of Kanas City v. Arnoldia, 63 Mo. 229; Neill v. Ridge, 119 S. W. 619; Johnson v. Duer, 115 Mo. 366.]

We have carefully examined this record and find that every position taken by respondent against the validity of these taxbills is untenable. No fraud or collusion is charged or proven. The defendant is a resi-

dent property-owner of the city of Monett. He knew the work was being done and stood idly by in apparent acquiescence until the work was completed, and his property had received the benefits of it, and made no complaint, and he should not now be heard to complain of any defect which does not go to the validity of the taxbills themselves. The contractor has honestly performed his work. The law has been substantially complied with and there is no equity in plaintiff's bill. The judgment of the lower court is therefore reversed. All concur.

### ON PETITION FOR REHEARING.

On motion for rehearing, respondents contend that one of the taxbills involved in this action was dated March 17, 1908, prior to the filing of the final estimate by the city engineer, and that this fact was overlooked by the court in rendering the opinion.

This is an appeal by the short form, and appellant's abstract of record copies taxbill issued in District No. 2, which shows that it was issued on the 20th day of April, 1908. Then follows this statement. The other taxbills offered in evidence are the same in form excepting as to the lot described. Respondent took no exceptions to this abstract of record, and did not directly raise the point in his brief, but we find in respondent's statement of the case an assertion that the taxbill of District No. 1 was dated in March, and, as it may be that this is true, and, since it is contended by respondent that some other questions which are not passed on in this case, were properly raised by the pleadings, we have concluded to remand this case for a new trial, and it will be so ordered. All concur.